Argued September 19, affirmed September 26, 1977

# In the Matter of the Dissolution of the Marriage of
## TERMAN, *Respondent,*
### *and*
## TERMAN, *Appellant.*
### (No. 423 552, CA 7891)

569 P2d 673

William F. Thomas, Portland, argued the cause and filed the brief for appellant.

William E. Hurley, Portland, argued the cause for respondent. With him on the brief was Bernard, Hurley, Hodges & Kneeland, Portland.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

The husband appeals the provisions of the dissolution-of-marriage decree dividing the property and awarding the wife spousal support and attorney fees. The parties were married 27 years. The wife has three years of college but has no significant employment experience other than keeping the books for the husband's medical practice. The husband is an opthalmologist and had an annual income of $47,000. During the separation he suffered a nervous breakdown. He later quit his practice, traveled extensively about the United States and is now employed as an opthalmologist in a clinic in Springfield, Massachusetts, and has a net take-home pay of $1,445 per month. The wife was awarded custody of the two children, ages 17 and 19, and $200 per child per month. We concur in the trial court's evaluations of the marital property which was divided as follows:

| WIFE | | HUSBAND | |
|---|---|---|---|
| Equity in the residence | $23,580 | Musical instruments and other personal | |
| Household goods | 4,466 | property | $16,000 |
| Life insurance policies | 18,000 | | |
| TOTAL | $46,046 | TOTAL | $16,000 |

The wife's family had contributed the down payment of $5,000 for the residence.

The trial court awarded permanent spousal support of $267 per month to be increased to $367 when the elder child was no longer dependent.

ORS 107.105(1)(e) provides the division of property shall "be just and proper in all the circumstances." We have repeatedly recognized the close relationship between the division of property and spousal support. In *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977), we stated:

"* * * While it is common in marriages of this long

[ 1165 ]

duration to attempt an equal division of property, there is no hard and fast formula. * * * Property division and spousal support should be considered together in attempting to put the two parties in a position so that they may leave the marriage in a self-sufficient status. * * *" (Citations omitted.) 29 Or App at 184.

*See also Cook and Cook,* 29 Or App 171, 562 P2d 601, Sup Ct *review allowed* (1977). In *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, Sup Ct *review denied* (1974), we set forth the factors to be considered.

"* * * The most significant factor usually is whether the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during the marriage. The wife's employability includes consideration of her education, training, experience, age, health, capacity, whether she has custody of small children, etc. Length of the marriage is germane because the longer the marriage, the more likely it is that the wife has foregone employment experiences, the absence of which will make it more difficult for her to achieve employment and self-sufficiency. If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for a limited period of, for example, one to three years. In such a situation, it is not the policy of the law to give the wife an annuity for life or, stated differently, a perpetual lien against her former husband's future income. Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during marriage then, generally speaking, permanent support is appropriate." 17 Or App at 655-56.

The trial court concluded that a disproportionate property division and the award of spousal support and attorney fees were justified considering the disparate earning capacity of the parties. Otherwise, the wife even after obtaining employment would not be able to enjoy a standard of living reasonably commensurate with the marriage. We agree.

Affirmed. Costs to the respondent.