JOHNSON, J.
In this dissolution proceeding, the wife appeals from the provisions of the decree dividing the marital property and awarding her spousal support for three years. The parties are both 59 years of age. They were married for 34 years and have two emancipated children over 21 years of age. The wife attended college for three and one-half years, last attending in 1939. She has had no significant employment during the marriage and suffers from a variety of physical ailments. She does not have a social security number or driver’s license and does not drive.
The husband is a plant maintenance repairman at Hillcrest School and had a gross income in 1976 of $13,454. He currently has a net monthly take-home pay of $794. If the husband retires at 62, he will receive at least $200 a month in retirement benefits from the Public Employes Retirement System (PERS). There is no evidence in the record of what his benefits would be if he were to retire at age 65. The husband also suffers from health problems.
The trial court divided the marital property as follows:

Wife Husband

Equity in residence $19,250 3.8 acres of land $35,000
Household goods 1,000 Equity in truck and
camper 2,500
Savings account balance 200 Honda motorcycle 1,500
Checking account 575
Life insurance policies value undetermined
PERS retirement account balance _5,147
$44,722
Less family debts and wife’s attorney fees _4,217
$20,450 $40,505
The trial court further awarded to the wife the lump sum of $14,400 in spousal support to be paid at the rate *[956] of not less than $400 a month, or $400 a month for three years.
This case presents a situation where we must evaluate the division of marital property and the award of spousal support together in determining whether the trial court’s decree was reasonable. Terman and Terman, 30 Or App 1163, 569 P2d 673 (1977). While it is common in marriages of this long duration to attempt an equal division of property, there is no hard and fast formula. Rather, the objective is to "put the two parties in a position so that they may leave the marriage in a self-sufficient status.” Slauson and Slauson, 29 Or App 177, 184, 562 P2d 604 (1977). It is apparent that this decree does not place the parties in such a position. While the wife was awarded the family residence, it is subject to $19,000 balance due on the mortgage. The monthly payments on the house alone are presently $221. It is unlikely that the wife can attain meaningful employment, and she has no source of income aside from the support payments which will cease in three years. While because of the duration of their marriage the wife is entitled to a portion of her husband’s social security benefits upon his retirement, she cannot draw them until he retires, and there is no guarantee that the husband will retire within three years. Thus, the wife has no security beyond the termination of her support payments.
In contrast, the husband is gainfully employed and will receive salary increases prior to retirement. Upon retirement, he will draw PERS as well as social security benefits. While he was required to assume the family debts, in addition to paying the wife’s attorney fees and $14,400 in support, he was awarded unencumbered real property worth $35,000.
Considering all the circumstances, we think the best way to place the parties in positions of self-sufficiency is to award the wife a greater share of the assets. For that reason, we modify the decree to *[957] require that the 3.8 acre parcel be sold within one year of the date of the mandate, and the proceeds divided so that the wife receives 60 percent and the husband receives 40 percent. Correspondingly, we do not believe that the husband should be saddled with the obligation of paying $400 a month in support beyond one year from the date of the mandate.
Affirmed as modified. No costs to either party.