In the Matter of the Dissolution of the Marriage of
COSBY, *Respondent,*
*and*
COSBY, *Appellant.*
(No. D7706-09154, CA 11008)
586 P2d 827

Mark McCulloch, Portland, argued the cause for appellant. With him on the brief was Powers & McCulloch, Portland.

Alan K. Brickley, West Linn, argued the cause for respondent. With him on the brief was Michael. D. Walsh, West Linn.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Wife appeals a decree of dissolution of marriage. She seeks spousal support and a greater share of the marital assets.

Husband and wife, aged 54 and 53 respectively at the time of the hearing, were married for 14 years. Husband, a detective with more than 31 years of service with the Portland Police Bureau, has a salary of approximately $1,070 per month, net after all mandatory deductions. Wife has an eleventh grade education and has been employed steadily throughout the marriage. She currently works for a restaurant and takes home about $525 per month.

The parties' assets are: a residence valued at $45,000-50,000, and subject to a $13,490 mortgage; beach property valued at $6,000-7,000; joint savings of more than $5,800; and household furnishings, guns and a boat with a total estimated value of $4,000-7,000. Each has a 1974 Plymouth automobile, and husband has a savings account and credit union shares totaling about $1,500. Under the Portland Fire and Police Disability and Retirement Fund, Chapter 5 of the Charter of the City of Portland, husband had achieved eligibility for voluntary retirement at the time of the hearing. If he were to retire, he would receive for life a monthly pension based on the salary of a first-class patrolman, and the pension would be recomputed at the beginning of each fiscal year. As of July 1, 1978, the pension, had he then retired, would have been $1,015 a month.

The trial court awarded the parties the personal property in their respective possessions, including the automobiles. The court awarded the residence and beach property to the parties as tenants-in-common, giving the wife a 60 percent interest in each. She was to be allowed to remain in the residence for one year without paying rent, subject to her making mortgage, tax and insurance payments. Each party was awarded one-half of the joint savings, and husband was

awarded his separate savings, credit union and pension interests. Husband was ordered to pay wife's attorneys' fees in the amount of $500, payable in two years or on an earlier sale of the real property.

■ It appears that the trial court attempted to award the wife enough property to obviate the need for spousal support. We agree that it is proper in a case such as this to adjust the division of assets to "put the two parties in a position so that they may leave the marriage in a self-sufficient status." *Slauson and Slauson,* 29 Or App 177, 184, 562 P2d 604 (1977); *see also Ruble and Ruble,* 31 Or App 953, 571 P2d 1278 (1977). However, our review of the record compels us to conclude that the property award to the wife was not sufficient to achieve that objective.

■ Although the wife has been employed steadily throughout the marriage, she is not a high school graduate and has no special skills or training. Her health does not now interfere with her ability to work, but she is being treated for a nervous condition and has had a cancer operation. There is no evidence that she has the capacity to earn any more than she now does.

Wife's current expenses—which have not been questioned—are more than $200 greater than her current earnings. Although a sale of the residence could decrease her housing expenses to some degree, it is not likely that she could find appropriate substitute housing at a significantly lower cost.

In order to place the wife more nearly in a position of self-sufficiency and to eliminate the entanglement of the parties which would result from holding the residence and beach property as tenants-in-common, we modify the decree to award husband the beach property and wife the residence.

Affirmed as modified. Costs to neither party.