Argued February 28, affirmed in part; reversed in
part April 23, reconsideration denied June 11, petition
for review denied June 15, 1979

In the Matter of the Marriage of
WHITCOMB, *Petitioner-appellant,*
*and*
WHITCOMB, *Respondent-respondent.*
(No. D 76-11-15437, CA 11992)

593 P2d 1239

[763]

Earl H. Mickelsen, Portland, argued the cause and filed the briefs for petitioner-appellant.

Millard M. Becker, Portland, argued the cause and filed the brief for respondent-respondent.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Wife appeals the division of property and the amount of spousal support awarded her in this dissolution proceeding.

The distribution of property was based largely on a written proposal furnished by husband under the local court rule; wife did not furnish a formal proposal. Husband was awarded the party's home and certain recreational property at Government Camp—all the real property they owned—having combined values in excess of $100,000. He also received a car, household goods and personal effects, the assets of his dental practice, certain insurance policies and his Keogh retirement plan accounts. She was awarded a car, household goods and personal effects, all of the savings accounts (including a time certificate of deposit representing her share of an inheritance from her parents) and some inherited stock.

The result was that husband got something in excess of 60 percent of the assets (including substantially all of those which lack liquidity), and she received something less than 40 percent (including all of the assets which were cash or the equivalent, except the Keogh funds and insurance policies). She was awarded $600 a month permanent spousal support. At the time of the trial wife was 63; he was 64-1/2.[1] The parties were married in 1941. Both are in good health. She has never worked outside the home; he practices dentistry as much as he wants to.

■ The principal attack by wife on the property division must be resolved summarily. Her counsel on appeal (who was not trial counsel) urges that the requisite transfers of her interests in jointly held property will be taxable events, the burden of which

---

[1] Because the marriage was of more than 10 years duration, wife will be entitled to Social Security benefits when husband becomes entitled to benefits.

will fall on her. That may or may not be so,[2] but the record here is barren of any evidence that would permit us to appraise the tax impact—or even if there will be any. Anything we might say would be legally and factually speculative, and we will not enter upon that.

■  We may also dispose of the assertion that the spousal support award was too little. Wife had been receiving $700 a month from husband during their two-year separation and had enjoyed the use to an unstated extent of husband's credit cards. The evidence was that she had sustained herself adequately, managed to travel fairly extensively and still bank savings during that time. There is nothing in the record that would permit us to say that her future needs exceeded the amount awarded.

■  The property award and the support award must be viewed together to determine the sufficiency of the parties' respective post-dissolution situations. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977). In this instance, the prospect is not an easy one to appraise. There is a substantial disparity between the *amounts* of property awarded each of them—but there is also a substantial difference in the *quality* of the divided assets: Wife received almost all the income-producing property; husband received the real property and other assets, the enjoyment of which depend upon his cashing them out (*i.e.,* the life insurance) or retiring (*i.e.,* the Keogh retirement accounts). She will have spousal support until circumstances change to such an extent that a court might change that award. He, on the other hand, has his professional skills, which presently produce a substantial disposable income and, for aught that appears in this record, he will

---

[2] *See* DuCanto, "Negotiating and Drafting Property Settlement Agreements in the Reflected Light of the *Davis* and *Lester* cases," 19 DePaul L Rev 717 (1970); DuCanto, "Federal Tax Law: Where You Divorce *Does Make a Difference,*" 9 *Loyola Chi LJ* 397 (1978). As the trial judge here suggested and Mr. DuCanto makes clear, the tax aspects of property distributions receive adequate attention all too infrequently.

continue to practice for an indeterminate time. Those skills were not valued at all, except inferentially by the award of spousal support to wife.

The trial court cited to the parties and their counsel language from *Ruble and Ruble,* 31 Or App 953, 956, 571 P2d 1278 (1977):

> "*** While it is common in marriages of this long duration to attempt an equal division of property, there is no hard and fast formula. Rather, the objective is to 'put the two parties in a position so that they may leave the marriage in a self-sufficient status.'"

Self-sufficiency is a concept with a long term, and property divisions are permanent, not subject to change in the light of future circumstances. Subject to the vagaries of inflation, we can see a large part of wife's long-term resource situation fairly clearly: It is cash or the equivalent. The worth of the support obligation is speculative to a greater extent than is usual, due to the ages of the parties. The age factor in particular obscures husband's "self-sufficiency." For the present, it looks very satisfactory, but when he retires, the picture will change. Just how it will change is by no means clear.

It is not unduly speculative, however, to anticipate a claim being made for reduction of the support obligation as he turns from his professional income to his retirement plan for his sustenance. Of course we cannot now determine his future ability to pay spousal support. We can, however, see that his resources to provide for himself under the decree will in all likelihood still substantially exceed hers when he retires. We find nothing in the record to sustain that much disparity.

We therefore conclude that the trial court's property division was not equitable. The decree shall be modified to award wife one-half of the recreational property at Government Camp as tenant in common with husband, subject to the following restrictions. He

[767]

shall have the right to the exclusive use and enjoyment of the property without payment to wife (she having disclaimed any intention or desire to use it), and he shall be responsible for all the costs and expenses of use, preservation and maintenance. Husband shall have the sole and exclusive right until he attains the age of 70 to determine if, as and when the property shall be sold, subject to court approval of the price, terms and conditions of any sale. Thereafter all the rights and duties of tenants in common shall pertain.

Affirmed in part; reversed in part.