On respondent's petition for reconsideration
filed May 16, 1979. Former opinion filed
April 23, 1979, 39 Or App 763, 593 P2d 1239,
petition for review denied June 15, 1979

In the Matter of the Marriage of
WHITCOMB, *Petitioner-Respondent,*
*and*
WHITCOMB, *Respondent-Petitioner.*
(No. D7611-15437, CA 11992)

595 P2d 846

Millard M. Becker, Portland, for petition.

JOSEPH, J.

**JOSEPH, J.**

In his petition for reconsideration, husband points out that in other cases we have expressed the view that a decree of dissolution should "seek to disentangle the parties' financial affairs and make them free from each other's interference." *Slauson and Slauson,* 29 Or App 177, 183-84, 562 P2d 604 (1977); *see also Rislove and Rislove,* 31 Or App 305, 307, 570 P2d 403 (1977). In our decision in this case, we did not "disentangle" the parties completely, and we made no reference to the quoted principle.

■■ Disentanglement is indeed to be preferred. However, in this instance, we were faced with a substantially disproportionate award of property to the husband, and the means for achieving a better balance were very limited. In view of the facts that no immediate purpose would be served by liquidation of the recreational property and that the wife had said that she had no interest in occupying or otherwise using the recreational property while the husband expressed a desire to have at least its use and occupancy, we felt that the long range interests of the wife could be sufficiently protected without the abrasiveness that might ordinarily result from continued "entanglement." In short, this was not a situation where immediate disentanglement was to be preferred.

The petition for reconsideration is denied.