Argued and submitted May 23, affirmed as modified
December 1, 1980, reconsideration denied January 22,
petition for review denied February 18, 1981 (290 Or 491)

In the Matter of the Marriage of

BRIGGS,
*Respondent,*
*and*
BRIGGS,
*Appellant.*

(No. 15-79-01221, CA 16004)

619 P2d 1353

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Jeffrey E. Potter, Eugene, argued the cause for respondent. On the brief were Jack A. Gardner and Lombard, Gardner, Honsowetz & Brewer, Eugene.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Wife appeals the dissolution decree, contending that the property settlement was inequitable, that she should have a sizeable interest-bearing judgment, that permanent spousal support should have been awarded, and that the amount of child support awarded was inadequate.

The parties were married for 19 years and have four children, ages 18, 16, nine and four. Husband is 40 years old and wife is 38. They are the sole stockholders in a logging corporation. Husband is president of the corporation and draws a net salary of $2,400 to $2,500 per month. Prior to initiation of these proceedings, wife also worked for the corporation, as a general bookkeeper and office manager. There was testimony that she could expect to earn up to $700 per month. She has a high school diploma plus four terms of college; she is considering returning to college to obtain a degree in nursing. In addition to the family business, the parties possess substantial assets, which include several savings accounts, stocks, logging equipment, and real property.

The trial court in the decree of dissolution: (1) awarded custody of the minor children to wife; (2) ordered husband to pay $150 per month per child; (3) awarded wife the family residence and husband a substantial amount of other real property; (4) ordered wife to pay certain family debts, including the family's 1978 state and federal taxes; (5) required husband to satisfy all business debts, together with the family's 1979 state and federal taxes; and (6) granted wife a judgment against husband in the amount of $183,000, such sum representing lump sum alimony payable at the rate of $1,500 per month for a period of 122 months.

■■ Our scope of review is set forth in *McCoy and McCoy,* 28 Or App 919, 926, 562 P2d 207 (1977):

" * * *While de novo review may be characterized as a trial anew, the burden is on the appellant to show that the lower court made a mistake. Where there are viable alternatives available, often no two courts can agree which is the preferable. There is often no perfect remedy, but merely a choice between several 'dull axes.' [citation omitted] The role of the appellate court is not to substitute its pref-

erences for that of the lower court. In this case the trial court has attempted to divide an array of marital assets. We may prefer reshuffling but should be reluctant to do so unless our preference is motivated with sufficient conviction to proclaim that the trial court made a mistake."

Wife contends that the trial court awarded husband significantly more assets than it awarded wife. She maintains that this disparity should be counterbalanced by an interest-bearing judgment against husband, in addition to an award of permanent spousal support.

[redacted] The trial court properly valued the property of the parties,[1] and its division of the parties' considerable assets was essentially equal and equitable. Although the trial court denominated its $183,000 judgment to wife as "lump sum alimony," it is apparent that this award was made to equalize the division of property and was not spousal support. As argued by wife in a supplemental hearing, an award in this manner is unfair to wife who will incur significant adverse tax consequences, effecting a substantial reduction of her overall award. Accordingly, we modify the decree to specifically award wife a judgment against husband for the sum of $183,000. This judgment is an award of property and not spousal support. This sum must be paid within ten years from the date of entry of the decree and is payable at the rate of not less than $1,525 per month. Although we generally allow interest in marriage dissolution cases where payment of the property settlement award extends beyond one year, *Price and Price,* 43 Or App 1029, 1034, 607 P2d 756 (1979), we decline to award interest here where such obligation would place an extreme burden on husband. *Babb and Babb,* 30 Or App 581, 587, 567 P2d 599 (1977).

[redacted] In view of wife's age, employment potential, and the property settlement, we find that wife is not entitled to

[1] Although the values of several of the parties' major assets were disputed, it is clear that the trial court believed husband's values were more accurate. Wife's testimony indicated that she lacked personal knowledge of the values of these assets; moreover, she did not present expert testimony in this regard. In valuing the family business and the BU-99 slackline yarder (a major piece of equipment used in their logging business), the trial court apparently accepted the high side of husband's valuations. This applied even to the business, which had been experiencing financial difficulties.

spousal support. *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974); *Price and Price, supra.* We also conclude that the amount of support awarded for the minor children is adequate.

Affirmed as modified. No costs to either party.