Argued and submitted February 24, affirmed as modified August 18, 1982

In the Matter of the Marriage of
## CLAPPERTON,
*Appellant - Cross-Respondent,*
*and*
## CLAPPERTON,
*Respondent - Cross-Appellant.*
(No. 79-12-62, CA A21620)
649 P2d 620

Barry M. Mount, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Bodyfelt, Mount & Stroup, Portland.

H. J. Folberg, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Thornton, and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals from a dissolution decree, contending that the trial court erred in (1) treating as marital assets businesses in which he had an interest, (2) failing to consider tax consequences in the distribution of the marital property, (3) awarding spousal support to wife, (4) failing to order wife to pay child support and (5) ordering him to pay wife's attorney and expert witness fees. Wife cross-appeals. She contends that the trial court erred in (1) under-valuing husband's business interests, (2) miscalculating a judgment awarded her which was intended by the court to equalize the property division and (3) reducing the installment payments on the judgment.

The parties were married sixteen years. Husband, age 40, is a certified public accountant. He was employed as comptroller for Coral Construction, Inc., a firm engaged primarily in specialized highway projects. Wife, age 39, was employed sporadically during the marriage as a teacher. In July, 1979, wife moved to New York, where she found employment as a sales trainee at Honeywell Corporation. Custody of two minor children was awarded to husband. No child support obligation was imposed on wife. She was given "reasonable and unlimited visitation privileges." Wife must pay the children's transportation expenses when they visit her in New York. Husband claims the children as dependents for income tax purposes. The decree awarded husband his business interests and retirement accounts, divided the personal property and awarded wife a $17,864.50 judgment to equalize the property division, payable at $125 monthly with nine percent interest. Husband was required to pay spousal support of $250 monthly for five years.

### HUSBAND'S BUSINESS INTERESTS

■■ Husband first contends that his interests in Coral Construction, Inc.,[1] and in Barlow Associates, a partnership, should not have been included as marital assets. He argues that because those assets were acquired after the parties' separation, the presumption of equal contribution

---

[1] Husband's interest is actually in MNC Corporation, a holding company which owns Coral Construction, Inc. For simplicity, we refer to husband's interest as one in Coral Construction, Inc.

to the acquisition of assets, ORS 107.105(1)(e),[2] was rebutted. *See, e.g., Lemke and Lemke,* 289 Or 145, 611 P2d 295 (1980) (property acquired after separation but prior to dissolution not considered in dividing marital assets because the parties had been separated for twenty years).

Coral Construction, Inc., is the successor to Coral Corporation, for which husband had worked for seven years. In April, 1979, before the separation, he signed an agreement to purchase shares in the successor corporation. The consideration for those shares was actually paid several months after the separation but before the dissolution.

The assets acquired here had roots extending far back into the marriage. Husband trained for and obtained his CPA status during the marriage. Without such training, he arguably would not have obtained employment by Coral Corporation, which was the source of his opportunity to acquire an interest in Coral Construction, Inc. The fact that an asset is acquired after separation but prior to dissolution does not prevent it from being considered as marital property. *Dietz and Dietz,* 271 Or 445, 553 P2d 783 (1975). The same considerations apply to husband's interest in Barlow Associates, a partnership formed by husband and other Coral Corporation owners. The partnership, which bought construction equipment and leased it to Coral, was formed primarily for tax purposes and is essentially part of Coral for present purposes. Money was distributed by Coral to its shareholders, who then put it into Barlow to purchase equipment; the transaction represented more the use of assets already owned than the acquisition of new assets. We conclude that the statutory presumption of equal contribution was not rebutted.

---

[2] ORS 107.105(1)(e) provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances. The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held. * * *."

## TAX CONSEQUENCES

■     Husband contends that the trial court erred in placing a $25,000 value on his interest in Barlow Associates, because it failed to consider a $8,250 tax liability on money he received from Coral and used to finance Barlow. He also contends that it was error not to consider the possible tax consequences of a future sale of his business interests.

The tax liability on the money from Coral is speculative. *See Kathrens and Kathrens,* 47 Or App 823, 830, 615 P2d 1079, *rev den* 290 Or 211 (1980). It is unclear to what extent it will be offset at year's end by tax benefits. Husband testified that the equipment purchased by Barlow would entitle him to an investment tax credit and depreciation deductions. Lease income and interest deductions are also possible. Given husband's admission that he did not know whether Barlow would generate a loss, it is disingenuous of him to complain of a "vested" tax liability.

Husband's tax liabilities on the possible sale of his shares in Coral or on the receipt of his retirement funds are also speculative. He admits that he has no present plans either to sell his shares or to liquidate his retirement account. There was insufficient evidence to permit calculation of the tax consequences of these events.

As for possible tax consequences on receipt of retirement funds, the trial court set a present value on husband's retirement funds and awarded that value to him. He did not contest that treatment of his retirement account. The tax on the funds as received will vary depending on the amounts received, prevailing tax rates and husband's other income. Future taxes are thus entirely speculative. We refuse to consider them. *Rogers and Rogers,* 45 Or App 885, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981); *Whitcomb and Whitcomb,* 39 Or App 763, 766, 593 P2d 1239, 40 Or App 583, 595 P2d 846, *rev den* 286 Or 745 (1979):

" * * * the record here is barren of any evidence that would permit us to appraise the tax impact — or even if there will be any. Anything we might say would be legally

and factually speculative, and we will not enter upon that."

The record here is insufficient to support even a reasonable estimate of husband's future tax consequences. Given the speculative nature of these tax liabilities, it was not error to disregard them in dividing the marital property.

## SPOUSAL SUPPORT

■  Husband contests the award to wife of spousal support in the amount of $250 per month for five years. He had been paying $300 monthly support since the separation. His net monthly salary was $2,090. His monthly expenses, including child care, were approximately $1,700. In past years he earned additional income preparing tax returns during off-hours. Wife earned $1,015 monthly net. Her monthly expenses were $1,107. She is a sales trainee. She wishes to enroll in graduate school. We conclude that the spousal support awarded fulfills the court's duty to attempt to reduce substantially financial inequality between the parties to marriages of long duration. *Grove and Grove,* 280 Or 341, 353, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *see also Hayner and Hayner,* 58 Or App 324, 648 P2d 379 (1982); *Palmerton and Palmerton,* 56 Or App 105, 641 P2d 81 (1982).

Both parties testified vaguely about future expenses that they would or might incur. Wife must pay for transporting the children to New York for visitation. Husband may have to pay for orthodontic work for both children and medical and counseling expense for one. These amounts are also speculative. An award of $250 per month roughly balances the parties' disposable income, and we decline to modify it.

## CHILD SUPPORT

■ ■  Husband's expense for supporting the children was taken into account in setting the amount of wife's spousal support. The two are properly considered together. *Smith v. Smith,* 290 Or 675, 685, 626 P2d 342 (1981). If we were to order wife to pay child support, it might be necessary to increase her spousal support. Furthermore, it is reasonable for the party with the greater earning capacity to shoulder the greater financial burden of providing support for the

children. *Smith v. Smith, supra,* 290 Or at 680. The trial court did not err in failing to order the wife to pay child support.

## ATTORNEY FEES

■ The trial court ordered husband to pay wife's attorney and expert witness fees. He claims that that places an undue financial burden on him and that, even if proper, it should have been taken into account in the division of marital assets. Husband contends that wife has funds to pay her own legal expenses, because she was awarded $30,000 in cash as part of the property division. He has the greater earning capacity. Wife's legal expenses were increased, because he resisted discovery. *See Hinsdale and Hinsdale,* 20 Or App 638, 532 P2d 1137, *rev den* (1975). An award of attorney fees is subject to modification only for abuse of discretion. *Erpelding v. Erpelding,* 6 Or App 333, 335, 487 P2d 1406 (1971). We find no abuse of discretion here.

## BUSINESS INTEREST VALUE

■ In her cross-appeal, wife contends that the trial court erred in finding the value of husband's interest in Coral Construction. The court stated in its memorandum opinion that it disbelieved the opinion of wife's expert and accepted the opinion of husband's expert. The corporation has a substantial indebtedness to the former owners, incurred as part of the sale. After finding the value of husband's stock to be $23,000, the trial court deducted his $7,000 investment in arriving at a value that represented husband's equity. That approach to valuation here appears reasonable, and having no basis on which to improve it, we accept it. *Babb and Babb,* 30 Or App 581, 587, 567 P2d 599, *rev den* 280 Or 521 (1977). We find no error.

## WIFE'S JUDGMENT

■ Wife next contends that the trial court erred in calculating the amount of her judgment designed to equalize the property settlement. The trial court stated that it calculated the total amount of wife's portion of the personal property to be $44,400; whereas taking the figures from the court's letter opinion, her portion actually totaled only $39,400. Husband's portion was correctly calculated to

be $80,129. The difference between this amount and wife's actual portion of $39,400 is $40,729, half of which is $20,364.50. We therefore increase wife's judgment against husband to $20,364.50.

## INSTALLMENT PAYMENTS

Wife last contends that it was error for the trial court to reduce the installment payments on the judgment from $250 to $125 per month after an *ex parte* plea to the court from husband. The payments were reduced after a motion for reconsideration. While they may fail to cover the accruing interest on the judgment, we note that they increase to $375 monthly in five years after husband's liability for spousal support ceases. We find no error.

Decree modified to increase wife's judgment against husband to $20,364; affirmed as modified. Costs to wife.