In the Matter of the Marriage of
KEY,
*Appellant - Cross-Respondent,*
*and*
KEY,
*Respondent - Cross-Appellant.*
(D82-0298; CA A26183)
677 P2d 717

Constance C. Jarvis, Portland, argued the cause and filed the brief for appellant - cross-respondent.

Levi J. Smith, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Husband appeals and wife cross-appeals from a dissolution decree. Both parties challenge the property distribution, each alleging that the other party received a disproportionate share.[1] Because we find that wife's share is too small, we modify the decree.

Husband, age 40, and wife, age 32, separated in December, 1981, after five years of marriage and nearly eight years of cohabitation. The parties have two daughters. Both husband and wife were employed outside the home initially, but wife gave up her job soon after the marriage. The couple's combined income in 1976 was $24,225. Since that time, husband became an investment broker and his income increased dramatically. For the three years immediately before the separation he averaged $96,000 a year. The decree awarded custody of both daughters to wife. Husband was ordered to pay support of $500 per month per child, spousal support of $800 per month for five years and wife's attorney fees of $14,125. The trial court intended to give wife a larger share of the marital property to compensate for husband's greater earning capacity.

Our *de novo* review discloses a sizeable marital estate, worth approximately $318,117. Husband received property worth approximately $182,617 and was made responsible for alleged liabilities of $155,722. Among other things, the liabilities included some potential debts which husband claims he might incur in the future in connection with two tax shelters he owns. Wife was awarded the family home and a car, worth a combined total of $135,500. She was made responsible for liabilities of $69,000, including a judgment in favor of husband for one-third of the net value of the family home.[2] Husband is entitled to his one-third as soon as the house is sold, but that need not occur until both children are "emancipated, married or no longer qualify as [a] 'child attending school' pursuant to ORS 107.108." In the meantime,

---

[1] Husband also assigns as error the level of child and spousal support and attorney fees which the decree requires him to pay. We find that he has failed to raise any legitimate basis for granting appellate relief.

[2] These figures do not take into consideration other assorted items of personal property, which are not readily valued and which we assume were divided in a roughly equal fashion.

husband and wife are jointly responsible for all major repairs and capital improvements on the house.

In her cross-appeal, wife argues that husband received a disproportionately large share of the marital estate. Her contention is that the trial judge should not have considered $68,856 of husband's claimed liabilities, because they were too speculative. She further maintains that, because those liabilities were considered, husband's net award was made to look artificially small. We agree.

■ Tax consequences are valid considerations in any property division, ORS 107.105(1)(c)(F), but husband has failed to establish with any reasonable certainty that he will be required to pay all of those debts, many of which are contingent. The nature and amount of the liabilities are based on a series of assumptions which in our opinion are not reasonable. Moreover, there is not sufficient evidence to allow us to appraise the actual tax impact of the transactions to which the claimed liabilities relate. Any attempt to do so would result in pure conjecture. Because of the highly speculative nature of many of the liabilities, we hold that it was error for the trial court to consider them at face value. *See, e.g., Clapperton and Clapperton,* 58 Or App 577, 581-82, 649 P2d 620 (1982); *Kathrens and Kathrens,* 47 Or App 823, 828-30, 615 P2d 1079, *rev den* 290 Or 211 (1980).

■ When the liabilities are removed from consideration, it becomes obvious that husband was awarded the lion's share of the marital assets. We are convinced that, by eliminating husband's judgment against the family home, we can strike a better balance than did the trial court.[3] *See Frishkoff and Frishkoff,* 45 Or App 1033, 1042, 610 P2d 831 (1980). Elimination of the judgment has a dual effect. It helps the property distribution to conform to the trial judge's original plan of giving wife the greater share of assets. It also eliminates a judgment that might have remained in place for 18 years and relieves husband of responsibility for one-half the repairs and improvements to the house, thereby disentangling the parties. *See Slauson and Slauson,* 29 Or App 177, 183-84, 562 P2d 604 (1977).

---

[3] Wife asked that the judgment be eliminated and that a $5,000 automobile that was awarded to husband be awarded to her instead. We do not believe a transfer of the automobile is warranted.

Affirmed on appeal; on cross-appeal the decree modified to eliminate husband's judgment against the family home and his obligation for one-half of the repairs and improvements; affirmed as modified. Costs to wife.