Argued and submitted October 26, 1984, affirmed as modified April 10,
petition for reconsideration granted by opinion October 16, 1985
See 75 Or App 757, 707 P2d 1287 (1985)

In the Matter of the Marriage of

**PHIPPS,**
*Respondent,*
*and*

**PHIPPS,**
*Appellant.*

(81-10-42; CA A30585)

698 P2d 52

Robert L. Kirkman, Gresham, argued the cause and filed the brief for appellant.

Elizabeth Welch, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge, *vice* Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The parties were married for approximately 16 years. Husband is employed by the National Park Service as a staff engineer. Since her graduation from law school in 1977, wife has worked as a deputy district attorney and as a solo practitioner. At the time of the hearing wife was 38 years old, and husband 41. He earns about $35,000 per year. As a solo practitioner, wife makes approximately half that amount. The major assets of the parties are husband's federal pension rights and the family home. Wife was awarded the home, and husband received all of his pension rights. Personal property was awarded to the party having its possession since the separation. Wife was also awarded attorney fees.

Husband argues that the trial court erred in its treatment of his pension program in dividing the property or, alternatively, that the court erred in accepting wife's valuation of the pension. Husband also argues that the court undervalued the family home and erred in awarding wife 19 shares of Exxon stock and her attorney's fees. He also argues generally that the distribution of marital assets was inequitable.

We have reviewed husband's claims and conclude that, except for the issue of the valuation of the pension and its effect on the property division, they are without merit.

Retirement benefits are a marital asset to be considered in a property division. ORS 107.105(1)(f). The value of husband's pension that the parties disputed is its actuarial present value. *See Doering and Doering,* 71 Or App 101, 105, 691 P2d 120 (1984). Wife's expert, an economics professor at Portland State University, testified that the present value of husband's pension is approximately $65,000, assuming retirement at age 55. He arrived at that figure on the basis of assumptions that husband would receive $904 monthly for 19.6 years after he reached that age. He applied an 8.42 percent discount rate for the 14 years until husband would reach 55. He then adjusted for anticipated cost-of-living increases in the pension after age 55 by using the difference between the Consumer Price Index and the historical return on short-term U.S. Government securities, a figure of less than one percent, as the discount rate for the 19.6 years of husband's expected life after retirement.

Husband's expert, a certified public accountant, assigned a number of present values to the pension, using different ages of retirement, different monthly annuity payments and different discount rates. In his opinion, the present value of the pension ranged from $6,867 (assuming that husband would retire at age 62 and receive $696 a month and using a discount rate of 10 percent) to $33,836 (assuming that husband would retire at age 55 and receive $904 a month and using a discount rate of 8 percent). Wife's expert assumed husband's life expectancy to be 74 years; husband's expert assumed it to be 73. Wife's expert's adjustment for cost-of-living increases accounts for the major part of the discrepancy between the parties' valuations.

Although husband's prospective retirement benefits are subject to possible cost of living adjustments after retirement, we conclude that the effect of those adjustments on the present valuation of the pension is too speculative and should not be considered. *See Key and Key,* 67 Or App 306, 309, 677 P2d 717 (1984). Husband's maximum valuation of the pension, $33,836, substantially equates with wife's valuation, without the adjustments for cost-of-living increases. On *de novo* review, we find that $33,836 most closely reflects the present value of husband's pension.

The trial court apparently valued husband's pension at $65,228 and awarded it all to husband and offset that amount against the value of the family home, which was awarded to wife. Our finding that the trial court overvalued the pension by $31,392 requires that husband be awarded half that amount, $15,696, in the form of a judgment lien against the home, to be discharged by wife within five years from the date of the original decree, without interest.

Decree modified to award husband a $15,696 judgment lien against the real property awarded wife, to be paid within five years from the date of the original decree without interest. Affirmed as modified. Costs to husband.