On appellant's reconsideration filed June 13,
reconsideration granted; former opinion modified
(45 Or App 885, 609 P2d 877) August 18, 1980

In the Matter of the Marriage of
ROGERS,
*Respondent,*
*and*
ROGERS,
*Appellant.*

(No. D7809-15243, CA 14842)

615 P2d 412

Ira L. Gottlieb, Portland, for petition.

Kevin O'Connell, Portland, for respondent.

Before Buttler, Presiding Judge, and Gillette and
Roberts, Judges.

[963]

ROBERTS, J.

**ROBERTS, J.**

After our opinion, *Rogers and Rogers,* 45 Or App 885, 609 P2d 877 (1980), was handed down, wife petitioned for reconsideration, contending that our determination of the tax consequences was in error because, she maintained, she would be responsible for the taxes on her share of the retirement benefits. We asked husband to respond to that contention. Husband's position is that he will have the tax liability on the entire retirement benefits and that it was an appropriate consideration. Husband also petitioned for reconsideration on the inclusion in the computation of husband's two years of contributions to the retirement fund prior to the marriage. We granted the petitions to address the tax question and to clarify the computation.

We said in *Whitcomb and Whitcomb,* 39 Or App 763, 593 P2d 1239 *rev den* (1979), where wife asked us to consider on appeal the tax consequences of the award of certain property to her, that

"* * * the record here is barren of any evidence that would permit us to appraise the tax impact — or even if there will be any. Anything we might say would be legally and factually speculative, and we will not enter upon that."

Although we adhere to that language, in this case we cannot ignore the fact that, in order to bring about an equitable division of the retirement benefits, we must at least recognize that income taxes will be paid in some amount by someone. While we cannot precisely establish the amount of tax that will be owed because of possible changes in the tax laws in the future, we, nevertheless, in this case, have a dollar figure which is the basis for our computation of wife's share of the retirement benefits. Therefore, we modify our former opinion as follows:

1.  Delete the phrase ",or that husband may have tax liability on all the retirement income" at 45 Or App 897.

2.    At 45 Or App 898, delete after the words "* * * wife's interest, is $9,450" the balance of the opinion and insert:

"Were we not to consider the income tax consequences at all, or if we were to conclude wife would have the tax liability on her share, wife should receive $787.50 per month. However, if husband has the income tax liability on the full amount of the pension payments before wife's share is deducted, $787.50 per month to wife is not a fair distribution as to husband. Therefore, we modify paragraph 10 of the decree to read as follows:

" 'Petitioner is awarded, as her share of the marital asset represented by the retirement benefits due respondent by virtue of his employment in the United States Government, Department of State, Agency for International Development (Foreign Service), the sum of $787.50 per month, to be paid to petitioner by respondent as and when he receives the retirement benefits; provided however, in the event respondent is required to pay income taxes on the entire retirement payments (including the amount awarded to petitioner), the monthly payments to petitioner shall be reduced by an amount equal to one-half the taxes respondent would be required to pay on $18,900, assuming no other income to respondent. This is a property division. However, at the time respondent begins to receive his retirement benefits, the adequacy or superfluity of alimony may then be re-examined.[9]'

"Affirmed as modified. No costs to either party."

---

[9]    "Although husband had contributed to the pension fund two years prior to the marriage, we, nevertheless, include that period in the computation.

"'It has been consistently recognized that the source of a marital asset is a relevant, although not determinative, consideration in the calculus of a property division. *Morgan v. Morgan,* 13 Or App 14, 507 P2d 409 *rev den* (1973); *Ray v. Ray,* 11 Or App 246, 502 P2d 397 (1972). * * *' *Walker and Walker,* 27 Or App 693, 696, 557 P2d 36 (1976), *rev den* (1977).

*"Sellers and Sellers,* 39 Or App 647, 593 P2d 1191, *former opinion modified* 41 Or App 13 (1979)."

Petition for reconsideration granted; former opinion modified.