Argued and submitted July 25,
affirmed as modified September 22, 1980

In the Matter of the Marriage of

VINSON,
*Respondent - Cross-Appellant*
*and*
VINSON,
*Appellant.*
(No. 25216, CA 16676)

616 P2d 1180

Jack A. Billings, Eugene, argued the cause and filed the brief for appellant.

Robert P. Van Natta, St. Helens, argued the cause for respondent - cross-appellant. With him on the brief was Van Natta and Petersen, St. Helens.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Both parties appeal from the decree of the trial court in this dissolution proceeding. The disposition of husband's military retirement benefits, and the amount and duration of spousal support to wife are the issues in dispute. We affirm as modified.

The parties were married in 1955. Husband is now 43 years of age and wife is 42. They have one child, who is now 21 years of age. Husband has been in the military service since 1958, and as a result the parties have lived in numerous places during the marriage. Wife has a high school education and some college credits, the exact number of which does not appear in the record. Husband has a college degree, earned during the marriage.

Wife has worked throughout most of the marriage at various jobs. She was employed during most of the eight years immediately preceding the dissolution in the field of journalism, as a reporter and editor. Her highest paying position was with the United States government in Iran, where her husband was stationed prior to their separation. Her position there paid $13,700 a year, but she testified that she has not been able to re-enter the civil service in this country. After returning from Iran she obtained employment on a newspaper, earning $200 a week. She testified that was the highest paying position she could obtain at the time. That position was eliminated and at the time of trial wife was unemployed. She testified that she would like to return to college and eventually get a master's degree in journalism in order to teach on the junior high or high school level.

Husband testified that he intends to remain in the military until 1988, at which time he will have 30 years of service. His gross base pay at the time of trial was $2376 monthly.

The various assets of the parties were divided by the trial court, with wife receiving, by the trial court's estimation, $11,000 to 12,000 more than husband. That property consisted of personalty and cash. The distribution is not disputed here.

Husband has a vested, matured military pension to which he is presently entitled whenever he retires, which he may do at any time. As noted above, however, he does not intend to retire until he has 30 years of service, in 1988. Assuming that he had retired as of the date of trial, he testified that he would be entitled to receive $1248 per month (or $14,976 per year) in retirement benefits.

The trial court awarded husband his military retirement benefits and awarded wife $620 a month in permanent spousal support. It is apparent that the amount of spousal support is almost exactly one-half of husband's retirement benefits as of the time of trial.

The decree of the trial court was entered before our decision in *Rogers and Rogers,* 45 Or App 885, 609 P2d 877, modified on reconsideration 47 Or App 963, 615 P2d 412 (1980). In that case we discussed the nature of various types of retirement or pension plans and concluded that in the context of a long term marriage a vested plan constitutes a marital asset which should be distributed between the parties on an equitable basis, taking into account the risks of future contingencies. *Rogers* involved a plan to which husband contributed, and although he had a vested interest, his benefits would not mature for about four years. Here there is no evidence as to whether husband contributed to the plan, but his rights had matured in that he was entitled to receive monthly benefits at any time he chose to retire.

■    As in *Rogers,* there are no marital assets which could be used to offset the potential value of husband's military retirement benefits. Given his relatively young age and the monthly payments to which he would be entitled if he retired presently, the potential benefits, if he lives out his life expectancy, could exceed by many times the value of any of the parties' other assets. Therefore, a lump sum award based on the present value of the pension which would disentangle the parties would not be fair here.

■ The record regarding the retirement benefits to which husband will be entitled is sparse. We know only the amount to which he would have been entitled as of the time of trial, and that the pension is vested and matured. Given that record it appears that the approach taken in *Rogers* would be the most equitable one here. Therefore, the decree is modified to award wife, as part of the property distribution, one-half of the benefits husband was eligible to receive at the time of the dissolution had he retired on that date, that is one-half of $1248, or $624 per month, payable as and when husband receives payment. We add the same qualification regarding income taxes that we added in *Rogers:* if husband is required to pay income taxes on the entire retirement payments (including the amount awarded to wife) the monthly payments to wife shall be reduced by an amount equal to one-half of the taxes husband would be required to pay on $14,976, assuming no other income to husband.

■ Wife contends that she should be awarded permanent spousal support in addition to her share of the retirement benefits. We agree that she should receive spousal support, but only during the time required for her to complete her education and bring her employment potential to a level at which she can become self-supporting at a standard not overly disproportionate to that which the parties enjoyed during the marriage. *Grove and Grove,* 280 Or 341, 571 P2d 477, petition for rehearing denied by opinion 280 Or 769, 572 P2d 1320 (1977).

Wife testified that she wants to return to school in order to become certified to teach journalism at the junior high or high school level. She did not have specific information on how much time would be required to complete that education or the costs which would be involved. She apparently has, however, at least one year of college credits. Given the fact that wife received the greater share of the parties' property, we conclude an award of $700 per month spousal support for three years from the date of the original

trial court decree to.permit wife to complete her undergraduate education is appropriate.

Wife testified that a master's degree would be necessary in order for her to pursue her career goals, but did not given any indication of how much additional time that would require. We expect that with a college degree wife will be able to contribute more towards her support while pursuing any further education and we, therefore, allow wife two additional years of spousal support at the rate of $350 per month to permit her to complete her education and establish herself in a self-supporting position, at which time spousal support will terminate.

■ If, however, husband should retire at some point during the five years during which wife is entitled to spousal support, we believe it would be unfair to require husband to pay spousal support in addition to wife's share of the retirement benefits. Therefore, when wife begins to receive her share of the retirement benefits, spousal support will terminate if it has not already terminated by that time.

■ Husband has also assigned error to the refusal of the trial court to admit into evidence a verified petition for dissolution which was previously filed by wife, but later dismissed. The purpose of offering the petition was to show that wife had at one time evaluated her needs for spousal support at $500 per month, while the petition in this proceeding asked for $1000 per month. The petition was admissible as a judicial admission, and we have considered it on our *de novo* review.

Affirmed as modified. No costs to either party.