# In the Matter of the Matter of the Marriage of

## HAFTORSON,
Respondent,
and
## HAFTORSON,
*Appellant.*

### (No. D7906 64581, CA 16927)

619 P2d 655

Richard Wm. Davis, Portland, argued the cause for appellant. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Ira L. Gottlieb, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

In this dissolution of marriage proceeding husband appeals from a decree awarding to wife (1) a judgment for one-half the present value of husband's foreign service retirement benefits, (2) $400 per month in child support for each of two children, and (3) attorney's fees.

The parties have been married 19 years, during the last two years of which they were separated. They have two daughters, ages 16 and 14, and an emancipated son. Both parties are 41 and in good health.

Wife has both a Bachelor's and Master's degree in elementary education. Currently she works during the school year as an instructional assistant earning $490 per month; she is looking for a permanent teaching position. To maintain her teaching certificate she must return to school in the near future.

For the past 13 years husband has been employed by the Agency for International Development of the United States State Department, and is, therefore, covered by the Foreign Service Retirement and Disability Fund, 22 USCA § 1061-1121 (1979). Husband is required to contribute seven percent of his basic salary to the Fund, and at the time of the dissolution had contributed approximately $20,000. If he terminates his service, he can withdraw that sum or leave it in the fund until he reaches age 60, when he can begin to draw a pension. His pension benefits are based upon a percentage of his final average salary and increases with every year the husband works until he reaches age 60 when retirement is mandatory under present law. 22 USCA § 1076a.

In dividing the property between the parties, the trial court awarded the wife a judgment against husband for $33,319, representing one-half the present value of his retirement benefits. In addition, she was awarded the family home with an equity of $18,000; two parcels of timber investment property with a combined equity of $31,780; a diamond ring worth $13,000; furniture worth $5,000; a car valued at $1,800 and cash of $1,400, for a total of $104,299. Husband received personal property and insurance valued at $32,400 and his retirement benefits valued at $66,638

for a total asserted to be $99,038; however, because wife was awarded one-half of the present value of the pension plan, husband's total award is more properly valued at less than $66,000.

In *Rogers and Rogers,* 45 Or App 885, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), we held that the wife was entitled to one-half of the husband's vested but unmatured interest in his pension plan—the same plan involved here. That case had not been decided at the time the decree was entered herein, so the trial court did not have the benefit of our treatment of this kind of pension plan. Because we believe our disposition in *Rogers* is the fairest way to divide this kind of pension plan, which we treat as a marital asset of a long term marriage, it is necessary to modify the decree to conform to the views we expressed in *Rogers.* In computing wife's interest we assume that husband terminates service at the time of dissolution. Assuming an average basic salary of $33,000 for husband's highest three consecutive years of service, 26 percent of that figure, (13 years of service times two percent per year), would result in annual pension benefits of $8580 or $715 per month, at the time of dissolution, of which wife is entitled to $4290 per year, or $357.50 per month. This figure must, however, be adjusted for possible income tax consequences, which we do not decide.

In *Rogers* we did not provide for the contingency that husband, or his estate, may receive a lump sum prior to commencement of pension benefits. Under those circumstances wife is entitled to receive $10,000, plus interest from the date of the decree. Accordingly, we modify paragraph 10 of the decree to read as follows:

> Petitioner is awarded, as her share of the marital asset represented by the retirement benefits due respondent by virtue of his employment in the United States Government, Department of State, Agency for International Development (Foreign Service), payable in the following manner: In the event respondent, or his personal representative, successors or assigns, receives his contributions to the retirement fund in lump sum because of termination or death, or any other reason, petitioner shall be entitled to immediate payment of the sum of $10,000, plus interest

thereon as determined by the statutory provisions governing the Foreign Service Retirement and Disability Fund from the date of the original decree herein, and any and all taxes respondent or his personal representative, successors or assigns are required to pay on receipt of the lump sum shall not be deducted from the amount payable hereunder to petitioner. In the event respondent receives his retirement benefits in installments upon retirement, a sum equal to $357.50 per month shall be paid to petitioner by respondent as and when he receives the retirement benefits; provided however, in the event respondent is required to pay income taxes on the entire retirement payments (including the amount awarded to petitioner), the monthly payments to petitioner shall be reduced by an amount equal to one-half the taxes respondent would be required to pay on $8,580, assuming no other income to respondent.

■ ■ Having modified the decree with respect to the division of the retirement benefits, the division of the other property must be re-examined. Subtracting the value of the pension as determined by the trial court, from both parties' awards, wife received assets worth $70,980, and Husband $32,400. In marriages of long duration, such as this one, our goal in distributing assets is to "ensure that the parties separate on as equal a basis as possible, under the circumstances. *Glatt and Glatt,* 41 Or App 615, 598 P2d 1237 (1979). Wife does not advance, and the record does not show, circumstances warranting an award to wife of more than twice that awarded husband. To balance the award, husband asks that the parties be made tenants in common in the timber property. If that is done the value of husband's share would be $47,290 and the wife's $54,791. Although we have a strong preference for a complete disentanglement of the parties upon dissolution, *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977), that goal does not appear feasible here. The remaining entanglement should be minimal here because of the nature of the property in which both will retain an interest. We conclude that the suggestion is a reasonable one and would result in a division which is just and equitable. Accordingly, the decree is modified to make the parties tenants in common in the timber property and to require each of them to bear equal responsibility for any and all encumbrances on the property at the time the original decree was entered.

Our view of the record discloses no reason to modify the child support, spousal support or award of attorney fees to wife. Those provisions of the decree are affirmed.

Affirmed as modified. No costs to either party.