On appellant's motion to recall mandate filed November 24, 1980, motion for recall of mandate granted; former opinion modified February 17, 1981

## In the Matter of the Marriage of

ROGERS,
*Respondent,*
*and*
ROGERS,
*Appellant.*

(No. D7809-15243, CA 14842)

623 P2d 1108

Ira L. Gottlieb, Portland, filed the motion.

No appearance contra.

Before Buttler, Presiding Judge, and Gillette, and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Husband filed a motion to recall the mandate in this case on the ground that our opinion in *Haftorson and Haftorson,* 49 Or App 205, 619 P2d 655 (1980) applied the formula we set forth in *Rogers and Rogers,* 45 Or App 885, 609 P2d 877 (1980), and that the result in *Haftorson and Haftorson, supra,* points out an error we made in the computation in *Rogers and Rogers, supra.* Husband is correct, and we, therefore, modify our former opinion. However, in doing so we take this opportunity to say again what we said in *Rogers and Rogers, supra,* "that litigants who contest the appropriate treatment of a retirement account in these cases must develop a full record of all of the relevant details." 45 Or App at 893.

Our former opinion is modified as follows:

At page 898 after the sentence ending "at the time of dissolution." insert the sentence: "Husband had been employed for 22 years. His retirement benefits had accumulated at 2 percent per year for a total of 44 percent of his average salary."

In the next sentence delete "54" and insert "44"; delete "$18,900" and insert "$15,400". And in the next sentence delete "$9,450" and insert "$7,700".

This also requires a modification of our modification, *Rogers and Rogers,* 47 Or App 963, 615 P2d 412 *rev den* (1980), as follows: delete the figure "$787.50" where it appears three times on page 966 and insert "$641.66"; delete "$18,900" and insert "$15,400".

With the above modifications, paragraph 10 of the decree is modified to read as follows:

"Petitioner is awarded, as her share of the marital asset represented by the retirement benefits due respondent by virtue of his employment in the United States Government, Department of State, Agency for International Development (Foreign Service), the sum of $641.66 per month, to be paid to petitioner by respondent as and when he receives the retirement benefits; provided however, in the event respondent is required to pay income taxes on the entire retirement payments (including the amount awarded to petitioner), the monthly payments to petitioner shall

be reduced by an amount equal to one-half the taxes respondent would be required to pay on $15,400, assuming no other income to respondent. This is a property division. However, at the time respondent begins to receive his retirement benefits, the adequacy or superfluity of alimony may then be re-examined.[9]"

Affirmed as modified. No costs to either party.