Submitted on record and briefs September 11, 1981, reversed and remanded for further proceedings February 22, 1982

In the Matter of the Marriage of

**PALMERTON,**
*Appellant,*
*and*
**PALMERTON,**
*Respondent.*

(No. 80-0039-NJ-1, CA A20875)

641 P2d 81

Jerry E. Gastineau, Medford, filed the brief for appellant.

Herbert A. Putney, and Putney & Schiveley, P.C., Medford, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals a dissolution decree, contending the trial court erred in awarding her less than one-half of the marital property. We review *de novo,* ORS 19.125(3), and remand for further proceedings.

The parties were married in 1968. No children were born of the marriage.[1] Wife, age 41, is employed as a janitor. She worked six hours daily in 1980, earned $9,000 gross pay and had net monthly income of $522. Commencing in January, 1981, she began working full time. Her expenses are about $700 monthly. She has a high school education. She desires to return to school and become a nurse.[2]

---

[1] Husband has four children from his prior marriage. They are now ages 17, 18, 21 and 25. The record does not disclose to what extent, if at all, wife assisted husband in raising his children. Husband owes $6,915 in delinquent child support payments. A reasonable inference is that his children were not in his custody during the marriage. Wife has two children from her prior marriage. She testified that during the marriage she received financial support for her children from *their* father and from an aid-to-dependent children grant.

[2] Wife testified that she injured her back and that her current employment is too hard for her. She asked for $200 monthly spousal support for three years. She testified that, even working part-time, she would need that amount to support herself while attending nursing school. In this court, wife does not ask for temporary spousal support. Rather, she asks that she receive approximately $8,500 more in property.

We cannot determine from the record whether the trial court took wife's proposal to return to school seriously or, if it did, why the court did not feel husband had any *temporary* obligation to contribute toward her education.

ORS 107.105(1)(c)(H) provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *

"(c) For the support of a party, in gross or in instalments, or both, such amount of money for such period of time as it may be just and equitable for the other party to contribute. * * * In making such support order, the court shall consider the following matters:

"* * * * *

"(H) The need for maintenance, retraining or education to enable the spouse to become employable at suitable work or to enable the spouse to pursue career objectives * * *."

Husband, age 55, is employed as a truck driver. He earned $17,000 gross in 1979, netting about $1,100 to $1,200 monthly.[3] He has emphysema.[4] Wife testified that his emphysema had not interfered with his work.

The real property owned by the parties consists of about 19 acres of land purchased in 1971 and a two-bedroom mobile home purchased in 1976. Wife testified that there was timber "under a tree farm" on about 12 acres. She estimated the property was worth about $160,000, including the mobile home and furnishings. Husband testified the fair market value of the land and mobile home was about $35,000.[5] The trial judge stated:

> "There was great disparity of testimony respecting the value [of the real property] and the Court finds that the only disinterested, objective evidence as to true cash value before the Court is contained in the Assessor's [1980-81] records which show a true cash value of the land of $22,060 and of the mobile home of $19,450 for a total value of land and dwelling of $41,510.00 against which there is a loan obligation of $16,145.00 as determined from the Department of Veterans Affairs statement leaving equity of $25,365.00."

The trial court found: (1) husband brought assets worth about $20,000 into the marriage, and wife brought assets of about $1,000; (2) about $6,000 more of the marital assets were a recent gift from husband's family; and (3) husband's family made an additional gift or unsecured loan to the parties in the sum of approximately $4,700, which was used to make improvements on their real property.

---

[3] Husband testified that he is usually off work three to four months annually in the wintertime. The trial court found that the earning power of the parties "is not greatly different and is in fact quite close after considering the substantial traveling expenses incurred by [husband] in driving to remotely located jobs."

[4] Husband testified that his last examination three years ago indicated he had only 30 percent of his lungs left and that he has been treated for clinical depression. The trial court concluded that because of his age and health problems, "his productive years are very limited and uncertain."

[5] Considering the disparity in the values placed on the real property and mobile home, it is surprising that expert testimony was not offered on the value of the real property.

In considering the distribution of the assets,[6] the trial court determined that "the distribution between the parties should *not* be equal."

The trial court divided the property as follows:

HUSBAND

| | |
|---|---|
| Personal Property | $ 14,860. |
| Equity in mobile home/real property | 25,365. |
| Less debt paid by husband | − 500. |
| Less child support debt | − 6,915.[7] |
| Less adjustment to wife | − 10,000. |
| Net to husband | $ 22,810. |

WIFE

| | |
|---|---|
| Personal Property | $ 2,995. |
| Less debt paid by wife | − 350. |
| Adjustment to wife | + 10,000.[8] |
| Net to wife | $ 12,645. |

---

[6] The trial court did not mention husband's Teamsters' pension program, which he testified he has had since 1946, and neither party offered evidence on its value. In addition, both husband and wife have retirement programs with their current employers. No evidence was offered on their value.

Husband testified that the loan on the mobile home is a veteran's loan and that his eligibility for another loan has terminated. The trial court found:

"The Court finds that there is insufficient specific information before the Court as to whether a partition of the land would be acceptable under current zoning and other land partition regulations and even if there were sufficient evidence to find that such a partition would not run afoul of other regulations there is insufficient evidence before the Court from which could make a realistic partition of the land and, accordingly, the Court declines to make a partition of the land, * * *."

[7] We do not understand the rationale of the trial court for deducting from wife's award the amount of a joint debt paid by wife while allowing husband a full deduction of *his* delinquent child support debt in calculating his award of *their* property. The result improperly makes her pay *all* their joint debt and part of *his* individual debt.

[8] The trial court ordered that the $10,000 "adjustment to wife" should be paid to wife at the rate of $150 monthly, commencing in March, 1981; that a lump sum payment of $5,000 be made to her, over and above the monthly payments, on or before December 15, 1981; and that the balance be paid in full within two years of the decree. Interest was fixed at 9 percent. Wife asks here that she be given a lien on the real property awarded to husband to secure this indebtedness. For a reason not disclosed by the record, this request was not made in the trial court (although it has obvious advantages to wife).

Wife proposes that this court equalize the property division by awarding her approximately $8,500 more.[9] In return, she agrees husband should keep his pension and retirement benefits. Husband contends the trial court's distribution formula is equitable.

We conclude that some modification of the property division decreed by the trial court may be indicated. We have the authority to make such a modification ourselves; however, we decline to do so, because the record before us is incomplete in at least two significant respects. First, we lack evidence on the nature and value of husband's Teamster pension rights and the parties' other retirement benefits. We are unwilling to conclude that a Teamsters' pension plan opened in 1946 does not have substantial value, not to mention other features, including medical, hospital and dental benefits. Nor will we speculate on the value of the parties' respective retirement plans with their present employers. *But see Franzke and Franzke,* 292 Or 110, 637 P2d 595 (1981); *Rogers and Rogers,* 45 Or App 885, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981). Second, in view of the disparity of assets awarded to each party and the policy expressed in ORS 107.105(1)(c)(H), we cannot determine the basis for denying wife's request for temporary spousal support while she pursues her educational goal.

Petitioner is not challenging the factual findings of the trial court. Rather, she is asking that we modify the equitable relief decreed below. ORS 19.125 directs that we "shall try the cause anew upon the record." Generally, our approach in such cases has been to promote finality of trial court decrees and to refrain from modifying them unless there is some good reason to do so. *See Frishkoff and Frishkoff,* 45 Or App 1033, 610 P2d 831 (1980); *Pullen and Pullen,* 38 Or App 137, 589 P2d 1145, *rev den* 286 Or 449 (1979); *McCoy and McCoy,* 28 Or App 919, 562 P2d 207,

---

[9] At trial, wife's attorney waived any opening statement. The record is silent concerning any argument by counsel at the conclusion of the proceedings. The transcript discloses only: "Whereupon final statements were made by Counsel." Wife's attorney waived oral argument in this court, and the case was submitted to us for decision on briefs.

*clarified* 29 Or App 287, 563 P2d 738 (1977); *Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974). Here we find a good reason for remanding this case.[10]

Reversed and remanded for further proceedings. No costs to either party.

---

[10] ORS 107.105(1)(e) provides that the trial court shall make a division of the parties' real and personal property "as may be just and proper in all the circumstances" and that the court must require "full disclosure of all assets by the parties in arriving at a just property division." In view of this mandate, we do not believe the trial court discharged its responsibility to do equity when it neglected to make even the most cursory inquiry concerning the nature and value of husband's Teamsters' pension rights. We cannot make that inquiry because the record is devoid of evidence on the question.