In the Matter of the Marriage of

HAYNER,
*Appellant,*
*and*
HAYNER,
*Respondent.*

(No. 42791, CA A20794)

648 P2d 379

Janet A. Metcalf, Portland, argued the cause for appellant. With her on the brief were Mary Klepser and English & Metcalf, Portland.

Robert J. Morgan, Milwaukie, argued the cause for respondent. With him on the brief were Emil R. Berg and Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Wife appeals the spousal support provisions of a dissolution decree, contending they are inadequate in both amount and duration.

The parties were married in 1951. They have five children; the three oldest are emancipated. Custody of the two younger children was not an issue at trial. Wife has custody of one daughter, age 18, who intends to attend college. Husband has custody of another daughter, age 14. He was ordered to pay wife $200 monthly child support. Husband will also provide medical, dental and hospital insurance for the dependent children.

The parties divided their property prior to the trial. They disagreed at trial on the values of the property each received. Wife testified that the property was divided about equally, that she received $5,500 cash and a car, and that husband received $3,000 cash and real estate worth $2,500. Husband testified that wife received two-thirds of the property, that her share was worth $10,000 and that he received $2,000 cash and real estate worth about $3,500. Wife used $5,000 of the money she received to make a down payment on a house that she purchased in 1978 for $19,000. She testified that her expenses average $950 monthly, that she is $3,500 in debt and that she has "just been getting by" since the separation. She has no savings.

The parties separated in April, 1978, after husband left the family home in Michigan for new employment in Missouri. Wife moved to Oregon later the same year. Husband's employment took him to Ohio, and in October, 1979, he accepted his present position in Oregon. He testified that he had given wife from $200 to $900 monthly since the separation for spousal and child support. Wife disputed that testimony, contending that husband's support payments often did not exceed $200 a month.

Wife is 47. She has experienced health problems, requiring major surgery in 1978 and in 1979. During most of the marriage, she remained at home performing the roles of wife, mother and homemaker. She testified that she had worked when she was young, that she had "left what might have been a career to go follow [her] husband"

and that she had "worked in a restaurant for a while, sold Tupperware for a year, and then took in ironing."

She started taking courses about 1953 and attended college full-time from 1970 to 1973, taking a minimum course-load each year. In 1973, she received a bachelor's degree in English from a college in Michigan. She is certified to teach in Michigan, but when she graduated, there were no teaching positions available, and she never has taught full-time. She did teach one night per week in an adult education class. She also had worked in a youth home as a child care worker for a year. After coming to Oregon, she did some substitute teaching, receiving $40 a day gross pay. She is not certified to teach in Oregon. She estimates that it will require an additional year of schooling for her to become licensed here "if [she] gets some things waived." She has not taken any classes since the 1978 separation because of lack of funds.

Wife is employed as the director of the Lincoln County Council on Aging. She earns $707 monthly gross salary, and she nets about $510 monthly. In a year she will earn $773 monthly gross. To improve her employment and income prospects, she would like to obtain a master's degree in counseling and a graduate certificate in gerontology. She believes that it will require about two years of full-time study to achieve that goal. Because of health problems and her desire to gain more work experience, she would prefer to continue working full-time in her present employment and to attend class part-time at Oregon State University, which is about 60 miles from her home. She anticipates that her annual income will be $12,000 to $20,000, if she achieves her educational goal.

Husband is 48 and in good health. He obtained a degree in electrical engineering from Oregon State University in 1972. He is employed as a control systems supervisor by a large Oregon manufacturer. He earns $2,550 monthly gross salary, and he nets about $1,766 monthly. In addition, he has voluntary deductions of about $28 monthly taken from his paycheck. He has a pension plan and is eligible to participate in a company profit-sharing plan that has a stock-option feature. He also has a company dental, medical and hospital plan. Husband was not

well-informed about the value of those fringe benefits at trial. He testified that he earned about $24,000 in 1977, $28,000 to $30,000 in 1978 and "probably $40,000" in 1979, that his income was "going down," and that he earned only $30,000 in 1980. He estimated that his 1981 income would be about $30,600. He enjoyed his work, thought his employer was "good" and "stable" and planned to "remain there for several years." He expected that his income would rise with the cost of living and that he would probably receive some merit increases.

In her petition, wife asked for spousal support in the amount of $600 monthly for the first year, $500 monthly for the second year and for "30% of [husband's] net spendable wage for each and every month thereafter with the minimum being $300 per month until further Order of the Court." Husband's response asked that no spousal support be ordered "as [wife] has the health, education and experience to support herself." The decree provides:

> "Spousal support in the amount of $250.00 per month shall continue for a period of 12 months from the date of signing this Decree and then terminated [sic] completely."

We agree with the trial court that spousal support is appropriate in this case. We disagree, however, both with the court's conclusion that spousal support should terminate after one year and with the amount of support.[1]

■ ■ The most significant factor in determining whether permanent spousal support is appropriate is whether the supported spouse is employable at an income that will allow ·enjoyment of a standard of living not overly disprorortionate to that which would have been enjoyed had the marriage not been dissolved. A court may consider that spouse's training, experience, age, health, education and earning capacity in determining the amount and duration of support, and it is proper to attempt to reduce substantial financial inequality between parties to marriages of long

---

[1] At the conclusion of the trial, the court took the matter under advisement without comment. The decree contains no findings of fact. No findings were requested. We thus have no clue why the trial court awarded spousal support for only one year, especially in view of the length of the marriage, the disparity in incomes and the policy expressed in ORS 107.105(1)(c)(H). See *Palmerton and Palmerton,* 56 Or App 105, 641 P2d 81 (1982).

duration. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). In the dissolution of a marriage of substantial duration, the objective is that the parties separate on as equal a basis as possible. *Lake and Lake,* 22 Or App 195, 538 P2d 97 (1975). In light of the considerations enumerated in ORS 107.105(1)(c), we conclude that permanent spousal support is appropriate here. *Grove and Grove, supra; Kitson and Kitson, supra.*

■ We conclude that wife should receive spousal support in the amount of $500 per month for a period of twenty-four months from the date of the original decree, and $250 per month thereafter. In all other respects, the decree is affirmed.

Decree modified to provide that husband shall pay spousal support in the amount of $500 per month for a period of twenty-four months from the date of the original decree, and $250 per month thereafter. Affirmed as modified. Costs to wife.