Argued and submitted June 14, affirmed as modified November 10, 1982

In the Matter of the Marriage of
BURKE,
*Respondent,*
*and*
BURKE,
*Appellant.*

(No. 27878, CA A23009)
653 P2d 247

Joseph E. Penna, P.C., Monmouth, argued the cause and filed the brief for appellant.

Charles E. Luukinen, Dallas, argued the cause for respondent. With him on the brief was Lillegard & Luukinen, Dallas.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

Van Hoomissen, J., dissenting.

## THORNTON, J.

Wife appeals from the financial provisions of the decree dissolving this 17-year, childless marriage. She asserts that the trial court erred in awarding too large a share of the marital assets to husband and in failing to award spousal support *or* attorney fees to wife.

The primary assets of the marriage are a real estate contract with a balance due of $2,870 on California property formerly owned by the couple, the equity in a mobile home and land worth a total of $9,000, husband's PERS retirement account worth $2,732.52 and his contingent disability claim. Husband is employed by Polk County as a deputy sheriff. Wife is undergoing a training program to become an employe of First Interstate Bank and expects to earn about $800 per month if she is hired after the program has been completed. The bank will pay for her tuition and books while she is training, which includes two semesters of school, but she receives no salary or expenses while she is in school.

The trial court awarded wife the balance on the California real estate contract, a $3,500 judgment on the mobile home and land representing her share of the equity in that property, a one-half interest in husband's pending disability claim and all of the personal property in her possession. Husband was awarded the real estate and the mobile home, subject to the judgment in favor of wife payable at the rate of $200 per month, his PERS retirement fund and the personal property in his possession.

Wife has had a certain amount of emotional and alcohol trouble in the past. They have not lived together in recent years. Wife had been released from the hospital just three weeks before the hearing, suffering from depression. Husband by contrast is in good health, although he was once stabbed on the job and was obliged to be off work for a time. While this was a childless marriage, wife's adult son from a previous relationship and his domestic associate lived with the parties for two substantial periods of time.

The trial judge said that

"[t]aking into consideration the usual criteria employed in matters of this kind alimony and any award of attorney fees are not felt appropriate in this case."

Our review of the record and briefs persuades us that wife is entitled to receive spousal support while she is undergoing retraining and undertaking her expected new position. Accordingly, we modify the decree by requiring husband to pay $350 a month for a period of two years from the date of the original decree. This will enable wife to complete her retraining and become settled.

Affirmed as modified by requiring husband to pay wife $350 per month for a period of two years. No costs to either party.

**VAN HOOMISSEN, J.,** dissenting.

This is a 17-year marriage. Husband, age 48, is employed as a deputy sheriff. Although he has a disability claim pending, he is working full-time and is in good health. He has a good work record and was employed full-time throughout the marriage except for one brief period. During the first five years of the marriage, he was employed as an electrical design engineer and as a policeman. In those jobs he earned $25,000 to $30,000 a year. He worked for the U. S. Treasury Department the next seven years and was earning $27,000 at the time he left that job. His present salary is $18,000 a year, plus fringe benefits. He has college-level education, which he characterizes as the equivalent of an Associate Degree; wife contends that he has the equivalent of a "four-year college experience."

Wife, age 58, is a high school graduate. Her employment record has been spotty. She testified that she was unemployed at the time of the hearing and that she was being supported by her son. She has not had a full-time job since 1970 or 1971. Emotional and alcohol problems have affected her employability throughout the marriage. She testified that she had worked sporadically during the last six years and that her doctor advised her not to work at this time. Husband contends that wife has earned $600 to $1,000 monthly in the accounting and bookkeeping field and that at the time of the hearing she was in a trainee status with First Interstate Bank. The training, on successful completion, would provide her with a starting salary

of $800 monthly.[1] He conceded that wife worked "primarily during the early part of the marriage."

[1] Wife testified in relevant part:

"Q What are you doing in an effort to obtain a job?

"A I am attending seminars. And I am planning on doing at least two semesters of college.

"Q When you say you are attending seminars, someone is sending you to those seminars?

"A Yes.

"Q Who is that?

"A First Interstate Bank.

"Q Do you have any banking experience?

"A No.

"Q How long have you been attending these seminars?

"A A little over two weeks.

"Q Just since your release from the hospital?

"A Yes.

"Q What training are you going to have to complete before you will be able to work for the bank?

"A I have to know all principles of bank operations.

"Q Are they going to send you to school?

"A Yes.

"Q For how long?

"A At least two semesters.

"Q Where would you attend school?

"A Cal State, Fullerton.

"Q Are they going to pay for your tuition?

"A Tuition and books.

"Q What is that training going to lead to, hopefully?

"A Hopefully in operations.

"Q Do you have any idea what pay scale you might have after you have completed your training with the bank?

"A I think it is going to be over $800.

"Q Realistically, Mrs. Burke, considering your age and your employment history, and your emotional well-being, what are your prospects for your future as far as employment with the bank?

"A Well, for the first time in my life, I'm going to have to support myself. And I'm going to give it a good shot.

Wife has had medical and emotional problems and had been released from the hospital only three weeks before the hearing after suffering from extreme depression. Apparently she is an alcoholic. She has no medical insurance. Husband does not dispute wife's emotional problems.[2] He contends, however, that they have not affected her employability. He admits that her problems were partly caused by her drinking, but he maintains that she no longer has any alcohol problem and that she is able to work full-time.

The trial court concluded that "there should be a reasonably equal division of assets." The court determined that the personal property in the possession of each party was of equal value. It then awarded to each of the parties the personal property then in possession. Husband's PERS fund was awarded to him. The court also ordered any money received by reason of husband's disability claim to be divided equally between the parties.

---

"Q How competitive is the field that you are attempting to enter?

"A Very competitive."

Under the evidence in this case, wife should be awarded permanent support in an amount that is "just and equitable." *See* ORS 107.105(1)(c). *If* wife completes the training program, and *if* she is employed, and *if* she holds a job for a reasonable period of time, then husband might be entitled to a modification. Certainly a reasonable inference may be drawn from the evidence *in this record* that wife's employment prospects are fair to middling at best. I conclude that in view of the length of the marriage, wife's emotional and alcohol problems, her resulting poor work history and the present disparity in incomes, wife is entitled to permanent support.

[2] Husband testified in relevant part:

"Q Did she have any emotional problems that made it difficult for her to maintain a job for periods of time?

"A She did have, did have emotional problems, yes.

"Q Did some of those require hospitalization for periods of time?

"A Yes, they did.

"Q Do you recall approximately how many times she was hospitalized during the, say, the last six or seven years of your marriage?

"A Four. Possibly five times.

"Q Were those all for emotional rather than physical problems?

"A They were all emotional problems."

The court found that there remained $13,000 in assets in the form of real property, contract payments due and a mobile home. It awarded the real property and the mobile home to husband and the contract payments to wife. To equalize the division of assets, the court awarded wife a $3,500 judgment against husband, payable in monthly installments of not less than $200, including interest at 9 percent. That gave each party assets valued at $6,500.

The court denied wife any spousal support or attorney fees. Regrettably, the court did not elaborate on the reasons why it did not feel that even *temporary* spousal support was appropriate in this case. Even the majority cannot agree with that conclusion on *de novo* review.

I would award wife permanent spousal support of $300 a month. *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *Hayner and Hayner,* 58 Or App 324, 648 P2d 379, *rev den* 293 Or 635 (1982); *Plaster and Plaster,* 55 Or App 700, 639 P2d 1287 (1982); *Yantis and Yantis,* 52 Or App 825, 629 P2d 883 (1981); *Lake and Lake,* 22 Or App 195, 538 P2d 97 (1975); *Kitson and Kitson,* 17 Or App 648, 523 P2d 575, *rev den* (1974). I would affirm the other provisions of the decree.