Argued and submitted June 25, affirmed as modified
December 22, 1982, reconsideration denied January 28,
petition for review denied February 23, 1983 (294 Or 536)

In the Matter of the Marriage of

BATISTE,
*Respondent - Cross-Appellant,*
*and*
BATISTE,
*Appellant - Cross-Respondent.*

(No. D8002-61092, CA A23370)

655 P2d 233

James K. Belknap, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Ferris F. Boothe, Portland, argued the cause and filed the brief for respondent - cross-appellant.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., specially concurring.

## WARREN, J.

Husband appeals from the portions of a dissolution decree awarding wife a one-half interest in his retirement plan and requiring him to pay spousal support, to maintain a life insurance policy with wife as its primary beneficiary and to pay certain family debts. Wife cross-appeals from the portions of the decree ordering the sale of the family home and requiring her to pay her own attorney fees.

This is a 34-year marriage that produced nine children. The youngest child, who is still living with wife, is 18 years old. All the other children are self-supporting and live apart from their parents.

Wife is 54 years old. She graduated from high school, attended college for one year and received six months of vocational training. During most of the marriage, she either did not work outside the home or worked part-time. For two years, she worked at the Kaiser Research Lab in a position related to her vocational training. She quit the job after she found it too physically demanding. For the past 18 months, she has worked full-time as a counselor for the Portland Urban League, earning a gross annual salary of approximately $10,560.

Husband is 59 years old. He has an undergraduate degree in chemistry and some post-graduate training. For 30 years during the marriage, he worked for the Bonneville Power Administration in various capacities. Before husband retired in 1980, his gross annual salary was approximately $45,000. He is entitled to a minimum gross monthly annuity of $2,028 for life from his civil service pension. At the time of the decree, husband's income consisted of his retirement benefits and $30 to $60 per month from his position on the State Board of Higher Education. He is in the process of organizing a consulting business, but it has not yet produced any income.

■ Husband assigns error to the trial court's award to wife of one-half of the gross monthly annuity from the pension plan. Husband argues that the annuity should be treated as income and that he should be awarded the whole annuity to provide a basis for him to pay spousal support. Wife argues that the pension fund, which was funded in

part with husband's contributions, should be treated as property and split equally between them.

We have consistently said that a pension plan, while not *per se* marital *property,* is to be considered in fashioning the financial aspects of a dissolution decree. *See, e.g., Plaster and Plaster,* 55 Or App 700, 703, 639 P2d 1287 (1982); *Rogers and Rogers,* 45 Or App 885, 893, 609 P2d 877, *mod* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *mod* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981). In *Rogers,* we developed guidelines for deciding the proper treatment of retirement benefits under the facts of each case. We said that courts may consider retirement benefits as property and divide them between the parties to make an equitable property distribution in light of other property awarded. For example, in the dissolution of a marriage of long duration, when other property has been equally divided between the parties, it may be appropriate to divide equally the retirement benefits, based on the proportion of the benefits earned during the marriage. 45 Or App at 896-97.

*Rogers* involved the dissolution of a long-term marriage. The husband's interest in his retirement plan was vested but would not mature for four years. We awarded the wife a one-half interest in the monthly benefits the husband would have received had he terminated his employment at the time of the dissolution. The husband was ordered to pay the appropriate amount to the wife each month once he began receiving the benefits. In *Vinson and Vinson,* 48 Or App 283, 616 P2d 1180 (1980), we applied the *Rogers* guidelines to a long-term marriage in which the husband's pension rights were vested and matured. We treated the pension benefits as property, divided them equally between the parties and ordered them paid in the same manner as in *Rogers.*

In the case at bar, husband's pension rights were vested and matured, and he was receiving monthly annuity payments at the time of the dissolution decree. All contributions on which the annuity is based were made during the marriage. The trial court ordered that the proceeds from the sale of the major piece of property from this marriage, the family home, be equally divided between the

parties. Under these circumstances, the trial court's decision to treat the pension benefits as marital property and divide them equally was equitable. The method of the division, that the parties each receive one-half of the monthly annuity and pay their own taxes on those amounts, was clearly a proper disposition under *Rogers* and *Vinson.*

■ Husband argues that if the trial court properly awarded wife a one-half interest in the pension benefits, it erred by also awarding her spousal support of $50 per month. We agree. In *Grove and Grove,* 280 Or 341, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977), the Supreme Court discussed the appropriate considerations for an award of spousal support in light of the relevant statutes and decisions of this court:

> "* * * The legislature has directed the courts to consider, among other things, the wife's earning capacity and financial condition. For those factors to be meaningfully considered, they must be compared to something. The Court of Appeals has chosen to compare them to the standard of living during the marriage and to the husband's income potential. Nothing in the statutory scheme forbids that approach or directs that the comparison be made instead to the minimum amount necessary to provide food, shelter, and other basic necessities." 280 Or at 352.

We applied the principles from *Grove* and other cases to a factual situation analogous to this case in *Ward v. Ward,* 41 Or App 447, 599 P2d 1150 (1979). *Ward* was a suit to modify a spousal support award of $425 per month because of changed circumstances. At the time of the original decree, the wife's annual gross income was $4,500 and the and the husband's was $31,000. At the time of the suit to modify the decree, the wife's income was $14,480 and the husband's was over $51,000. The trial court reduced the spousal support of $25 per month.

Although *Ward* involved a modification of a decree and the case at bar concerns the original decree, principles applied in *Ward* also govern this case.

> "Modification of alimony awards pursuant to change of circumstances should be governed by the same legal principles and judicial objectives as the award itself. The

primary effect to be accomplished by a divorce or dissolution is the separation of the parties in a manner that enables each to continue his or her life as free as possible from entanglement with the other. *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). Alimony or spousal support must be considered together with the other financial provisions of the decree. *Grove and Grove,* 280 Or 341, 344, 571 P2d 477, 280 Or 769, 572 P2d 1320 (1977). Particularly in a marriage of long duration where a spouse may be inferred to have foregone opportunity for occupational development, the primary objective of alimony, if circumstances permit, should be the achievement of financial self-sufficiency by the supported spouse * * *.

"* * * * *

"Of course, the appropriate level of alimony support is based on the standard of living enjoyed during the marriage, not upon the subsequent improvement in the fortunes of the obligated spouse. * * *" 41 Or App at 451-52.

Wife's annual gross income from her present employment and her portion of the pension fund will exceed $22,700. Wife will also receive $150 per month for child support. Her annual income significantly exceeds her estimate of annual expenses of approximately $16,000.[1] The record is barren of any evidence that wife intends to take college or vocational courses to raise her earning capacity. Although husband's annual gross income reached $45,000 during the marrige, wife is not entitled to spousal support for the same reasons that we terminated spousal support in *Ward:*

"* * * Her [income] is sufficient to provide a reasonable standard of living. It is not sufficient to provide the same standard of living which husband's salary could have provided during the course of the marriage but, on the other hand, her husband is not a life-long guarantor of a higher standard of living. * * *" 41 Or App at 452.

Wife argues that the spousal support award is justified for three reasons. Her claim that she "needs" the $50 per month is not supported by the evidence discussed above. Her argument that husband may earn significant income once his new business is established is not an appropriate consideration. Her contention that she may

---

[1] Wife's estimate of $16,000 annual expenses included income tax.

some day lose her job and be unable to get another due to potential health problems and racial and sexual discrimination is speculative. As we said in response to a similar argument in *Ward:*

"* * * The retention of a token alimony obligation in order to continue the liability for alimony in the event that the recipient becomes needy in the future is factually speculative and procedurally fictitious. * * *" 41 Or App at 453.

Therefore, the decree is modified to eliminate the spousal support.

Because we have decided that wife is not entitled to spousal support, we also modify the decree to eliminate that portion requiring husband to maintain a life insurance policy with wife as primary beneficiary as long as there is a spousal support obligation.

We have considered all the other assignments of error and find them without merit.

Modified by deleting spousal support and provision concerning life insurance; affirmed as modified. No costs to either party.

**ROSSMAN, J.,** specially concurring.

I agree that the trial court's treatment of husband's pension benefits was equitable under these circumstances and consistent with the principles stated in *Rogers and Rogers,* 45 Or App 885, 893, 609 P2d 877, *mod* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *mod* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981). I write only to emphasize that the particular solution chosen here is not the only one available to the courts and to suggest that this court not view itself as hopelessly wed to the particular approach to retirement benefits we followed in *Rogers.* It can be strongly argued that it would have been preferable in this case, where benefits will be received as periodic payments terminating on husband's death and the future health and income from employment of both parties are uncertain, that (1) the benefits should be awarded to husband and treated as income and (2) the wife should be awarded spousal support in an appropriately commensurate amount. Such an approach would allow the parties and

the court to retain the flexibility to meet future contingencies, a significant factor in this case, given that husband plans to embark on a new business venture and that both parties are in their 50s.