Argued and submitted October 19, affirmed as modified November 30, 1983

In the Matter of the Marriage of

McNAMARA,
*Appellant,*
*and*

McNAMARA,
*Respondent.*

(81-11-295; CA A27085)

672 P2d 722

David W. Dardano, Portland, argued the cause for appellant. With him on the brief was Dardano & Mowry, P.C., Portland.

Janet A. Metcalf, Portland, argued the cause for respondent. With her on the brief was English & Metcalf, Portland.

Before Joseph, Chief Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

In this dissolution case, husband appeals the amount and duration of spousal support and the division of assets. On *de novo* review, we affirm the award of spousal support and modify the division of the assets.

The parties were married in 1962. Husband is 48 and wife is 53. Husband is a salesman and earns an average net monthly salary of $2,100 to $2,300. He has been employed by the same company for the duration of the marriage. Before the marriage, wife worked as a bookkeeper. Except for an eight-month period, wife did not work during the marriage, and she is now unemployed. Husband is in good health. Wife has diet-controlled diabetes and suffers some emotional problems caused by the breakup of the marriage.

■ Wife was awarded $700 per month permanent spousal support.[1] Husband argues that it is "just and equitable" to award not more than $500 per month for four years and $250 per month for two additional years. When a marriage is long-term

> "[t]he most significant factor in determining whether permanent spousal support is appropriate is whether the supported spouse is employable at an income that will allow enjoyment of a standard of living not overly disproportionate to that which would have been enjoyed had the marriage not been dissolved." *Hayner and Hayner,* 58 Or App 324, 328, 648 P2d 379, *rev den* 293 Or 635 (1982).

Among the factors to consider are the supported spouse's training, experience, age, health, and earning capacity. ORS 107.105(1)(c); *Hayner and Hayner, supra,* 58 Or App at 328.

■ Wife has outdated job skills. She intends to return to school to upgrade her skills. It appears that she will require at least two years' schooling, at which time she will be 55. Wife's age, lack of work experience and limited earning capacity supports the trial court's award of permanent spousal support.

■ Husband disputes the property division. His principal claim is that the trial court's evaluation of the family home, furniture and his retirement plan is incorrect. While

---

[1] Husband is also required to pay monthly support of $250 for his 16-year-old son and $250 for his 19-year-old daughter, who is attending school.

there is a wide range in the evidence of the estimated values of the home and furniture, there is competent evidence to support the trial court's determination that the equity in the home is $56,000 and the furniture is worth $6,000. Our review of the record has satisfied us of the correctness of that determination.

■■ Husband has a vested, defined benefit pension plan which matures at the earliest when he reaches age 55. Wife's actuarial expert estimated the present value of the plan to be between $21,817 and $38,050.[2] The trial court valued the plan at $30,000. Husband argues that it has a value of $11,250, which represents contributions to the plan and accrued interest to the time of trial.

When a retirement plan is a defined *contribution* plan, limiting the value of the plan to contributions and interest during the marriage may be appropriate. *See Franzke and Franzke,* 292 Or 110, 637 P2d 595 (1981). This is because the employe might only receive the amount of money actually contributed, plus interest. That is not the case with a vested defined *benefit* plan, the value of which is the actuarial present value. *See Barter and Barter,* 65 Or App 416, 671 P2d 1188 (1983); *Minnis and Minnis,* 54 Or App 70, 75-6, 634 P2d 259 (1980). On the evidence here, the trial court was correct.

The trial court's evaluation and division of the marital assets is:

|  | Wife | Husband |
|---|---|---|
| Family home (equity) | $ 56,000 | |
| Furniture | 5,000 | $ 1,000 |
| Car | 900 | |
| Crystal and china | 300 | |
| Car | | 6,500 |
| Husband's Retirement Plan | | 30,000 |
| Oakmont refund | | 1,000 |
| | | $ 38,500 |
| Family debts | | ($ 6,500) |
| | $ 62,200 | $ 32,000 |

---

[2] The actuarial range was based on projected retirement ages of 55, 60 and 65 at a salary of $39,000 and $42,000.

■■   Husband was awarded roughly only one-third of the marital assets. He argues that that is inequitable. We agree. In marriages of long duration, the goal in distributing assets is to insure that the parties separate on as equal a basis as possible. *Haftorson and Haftorson,* 49 Or App 205, 619 P2d 655 (1980).

The decree is modified to award husband a judgment for $15,100, payable within six years from the date of the original decree, together with interest at nine percent, and is affirmed as modified. No costs to either party.