Argued and submitted September 11, affirmed as modified November 21, 1984

In the Matter of the Marriage of

DOERING,
*Respondent - Cross-Appellant,*

*and*

DOERING,
*Appellant - Cross-Respondent.*

(82-12-74426; CA A30105)

691 P2d 120

Kenneth S. Solomon, Beaverton, argued the cause for appellant - cross-respondent. With him on the briefs was Blyth, Solomon & Porcelli, Beaverton.

James T. Marquoit, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Saxon & Marquoit, Portland.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals from a dissolution decree. He contends that the trial court erred in awarding wife permanent spousal support and attorney fees. Wife cross-appeals. She contends that the property division is not equitable. We review *de novo*. ORS 19.125(3).

The parties were married 20 years. They have two children, both emancipated. Husband, aged 41, is a civilian employe of the Air National Guard. He also is a member of the Air National Guard. His net monthly income is $1,580. He estimates that his monthly expenses are about $1,400. He is in good health.

Wife, aged 40, has a high school education. She has had sporadic part-time employment; however, during most of the marriage she was not employed outside the home. She earned about $600 during the ten months that the parties were separated before trial. She has no clear employment goals, and she is uncertain about her future financial needs. She is in good health.

The marital assets consist primarily of husband's civil service and Air National Guard pension plans and the family home, which has an equity of $42,000. The trial court awarded both pension plans and the home to husband, subject to a $21,000 lien against the home in wife's favor.[1] To equalize the property division, the court gave wife a $7,500 judgment against husband.

Husband has a vested, defined benefit civil service pension plan which matures, at the earliest, when he reaches age 55. His contributions to the plan total about $15,000. Should he die before reaching age 55, his estate would receive only his contributions plus interest. Had he left his job on the day of trial, he would have received only his contributions plus interest. Wife's expert testified that this plan's actuarial present value is $58,987 and that an annuity on that amount would be $956 monthly.

Husband also has a vested, defined benefit Air

---

[1] Wife's lien is payable not later than September 1, 1985. Husband maintains the home for himself and the parties' 18-year-old son, and for their 19-year-old daughter when she chooses to live there.

National Guard pension plan which matures, at the earliest, when he reaches age 60. That plan is employer funded; husband makes no contribution to it. Husband's Air National Guard pension plan vested when he completed 20 years of service. He is still active in the Air National Guard. The longer he remains active, the greater his retirement benefit. The benefit is based on years of service and rank at retirement. Should he die before reaching age 60, his estate would receive nothing. Wife's expert testified that this plan's actuarial present value is $15,776 and that an annuity on that amount would be $410 monthly.

■  Wife was awarded $600 monthly spousal support until age 62. Husband argues that that is excessive both as to amount and duration. Wife argues that the award is proper in view of her limited formal education and poor job skills. This is a long-term marriage. Still, wife is relatively young and she is in good health. She has some job skills and she is willing and able to work. We conclude that an award of spousal support until wife reaches age 62—about 22 years from now—is not just and equitable. ORS 107.105(1)(d). After reviewing the property aspects of the case, we modify the decree to award wife $600 monthly spousal support for a period of 48 months from the date of the original decree and $300 monthly for an additional 24 months.

■  We find no merit in husband's contention that the trial court erred in awarding wife attorney fees. *See* ORS 107.105(5); *Haguewood and Haguewood,* 292 Or 197, 212, 638 P2d 1135 (1981).

On cross-appeal, wife contends that, because the trial court valued husband's pension plans incorrectly, the property division was not equitable. She argues that husband received $67,263 while she received only $7,500. Husband answers that his civil service pension plan has a present value of only about $15,000, the amount of his contributions plus interest, and that his Air National Guard pension plan has no present value.

■  Retirement benefits are a marital asset to be considered in a property division. ORS 107.105(1)(f). In *McNamara and McNamara,* 65 Or App 785, 788, 672 P2d 722 (1983), we explained:

"When a retirement plan is a defined contribution plan, limiting the value of the plan to contributions and interest during the marriage may be appropriate. *See Franzke and Franzke,* 292 Or 110, 637 P2d 595 (1981). This is because the employe might only receive the amount of money actually contributed, plus interest. That is not the case with a vested defined benefit plan, the value of which is the actuarial present value. * * *" (Citations omitted.)

*See Bogh and Bogh,* 64 Or App 49, 666 P2d 1375 (1983). Husband's civil service pension plan is a vested, defined benefit plan. The value of husband's vested, defined benefit Air National Guard pension plan, to which he has made no contribution, is its actuarial present value.

■ We would prefer to award wife other marital assets to offset the value of husband's pension plans if that were possible, for that would disentangle the parties' financial affairs. *See Rogers and Rogers,* 45 Or App 885, 896, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981); *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977). However, there are no other assets with which to do that, except the house, the value of which was divided between the parties. Therefore, wife must share with husband the risk that one or both of his pension plans may not mature.

■ We modify the decree to award wife, as part of the property distribution, a one-half interest in the value of husband's pension plans on the date of the original decree, payable as and when husband receives any payment from each. If he is required to pay income taxes on any payment, the payment to wife shall be reduced by an amount equal to one-half of the taxes he would be required to pay, assuming no other income to him. *See Haftorson and Haftorson,* 49 Or App 205, 619 P2d 655 (1980), *rev den* 290 Or 491 (1981); *Vinson and Vinson,* 48 Or App 283, 616 P2d 1180 (1980); *Rogers and Rogers, supra,* 47 Or App at 965-66. Wife's $7,500 judgment against husband is vacated. This distribution will insure that the parties separate on as equal a basis as possible under the circumstances. *McNamara and McNamara, supra,* 65 Or App 785 at 789.

Decree modified to award wife $600 monthly spousal support for a period of 48 months from the date of the original

decree and $300 monthly for an additional 24 months; to award wife a one-half interest in the value of husband's pension plans on the date of the original decree, payable as and when husband receives payment from each; if he is required to pay income taxes on any payment, the payment to wife shall be reduced by an amount equal to one-half of the taxes he would be required to pay, assuming no other taxable income to him; wife's $7,500 judgment against husband vacated. Affirmed as modified. Costs to neither party.