Argued and submitted February 21, affirmed in part and reversed and remanded in part April 16, 1986

In the Matter of the Marriage of

## GRAHAM,
*Respondent,*

*and*

## GRAHAM,
*Appellant.*

(15-84-04050; CA A36557)

717 P2d 655

Barry L. Taub, Eugene, argued the cause and filed the brief for appellant.

Paula E. Downing, Eugene, argued the cause for respondent. On the brief was Roy Dwyer, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Husband appeals in this dissolution proceeding. He contests the trial court's division of his pension benefits, the award of spousal support and the admission of certain evidence.

The trial court awarded wife one-half of husband's pension benefits, payable to her as husband receives them. The applicable portion of the judgment states:

"[Wife] is awarded one-half of the pension plan * * * existing by virtue of [husband's] employment with Pope & Talbot, Inc., Oakridge, Oregon, in which [husband] is a participant. Said one-half of the plan is payable to [wife] upon the termination, early retirement, normal retirement, or the death or disability of the [husband], whichever condition occurs first."

Wife concedes that she is not entitled to share in any increase in the pension due to post-dissolution contributions, and that her interest must be valued as of the date of dissolution. *Rogers and Rogers,* 45 Or App 885, 896, 609 P2d 877, *modified* 47 Or App 963, 615 P2d 412, *rev den* 289 Or 659 (1980), *modified* 50 Or App 511, 623 P2d 1108, *rev den* 290 Or 853 (1981). Because the record is totally silent on values, we must remand the case to the trial court to determine the value of wife's one-half interest in the pension at the time of dissolution.

There is no merit to any of husband's other assignments of error.

Reversed and remanded for a determination of the value of husband's pension at the time of dissolution; otherwise affirmed. Costs to neither party.