On remand from Oregon Supreme Court July 26, reversed and remanded September 21, 1983

In the Matter of the Marriage of

## SANDS,
*Respondent,*

*and*

## SANDS,
*Appellant.*

(D8004-63516; CA A21468)

669 P2d 358

Jerold L. Billings, Portland, appeared for appellant.

Ira L. Gottlieb, Portland, appeared for respondent. With him was Ron D. Bailey, Portland.

GILLETTE, J.

## GILLETTE, J.

This dissolution of marriage case is before us on remand from the Supreme Court. In its original posture, it involved an appeal by husband in which he contended that the trial court erred in setting a present value for his pension plan when there was no evidence of that value. He further argued that the trial court had incorrectly awarded wife both permanent spousal support and a disproportionate share of the marital assets.

Placing a value on the husband's pension when there was no evidence as to that matter was error, *Palmerton and Palmerton,* 56 Or App 105, 110, 641 P2d 81 (1982), and we so held. *Sands and Sands,* 59 Or App 653, 655, 651 P2d 1387 (1982) (*in banc*). Our ruling placed us in a difficult position, however. Husband's pension was a valuable asset, obviously. But we had no basis for including any value for it in accomplishing our *de novo* review of the trial court decree. This left us with three choices, none of them altogether desirable: (1) We could ignore the pension, an approach which would have materially and, we thought, unfairly increased husband's award. (2) We could remand the case to the trial court to take further evidence—an approach which we felt wasted judicial time, inasmuch as both sides at trial were aware of the pension and could have offered evidence as to its value. (3) We could award wife an aliquot share of husband's pension payments, to be received as and when husband received them.

We chose, two judges dissenting, the third alternative. In doing so, we acknowledged:

> "Our adjustment in the decree, giving no present value to the pension but dividing its fruits approximately equally, leaves the property division roughly 2 to 1 in favor of wife. We decline to make a further adjustment, however, because, in light of the parties' relative earning capacities and the duration of the marriage, we believe awarding the wife the 'long half' of this small marital estate is justified." 59 Or App at 658. (Citation and footnote omitted.)

Put differently: husband, the only party who had appealed, now found himself with a 2 to 1 split of the assets in favor of wife when the decree from which he had appealed had, at least on paper, split the assets more or less equally.

Thinking that an appellate victory should be made of sterner stuff, husband sought discretionary review of our decision in the Supreme Court, which was granted. The court thereafter reversed and remanded our decision. *Sands and Sands,* 295 Or 443, 666 P2d 834 (1983). That decision states, in pertinent part:

"We withheld reaching a decision on the Petition for Review in this case pending our decision in *Booras v. Uyeda,* 295 Or 181, 666 P2d 791 (1983). In *Booras, supra,* at 188-89, we said:

" 'It is well established that when a plaintiff appeals from a judgment in plaintiff's favor contending that on *de novo* review he or she is entitled to additional or other relief, if a defendant does not cross-appeal the appellate court "may not render a judgment or decree more favorable to [defendant] and less favorable to plaintiff than was the decree entered below." *Gas-Ice Corporation v. Newbern,* 263 Or 227, 234, 501 P2d 1288 (1972). *See also* Annot., 63 L Ed2d 911 (1981).'

"We conclude that the general principle discussed in *Booras, supra,* requires that we allow the Petition and remand to the Court of Appeals for reconsideration in light thereof and in respect to our discussion in footnote 6, page 191." 295 Or at 445.[1]

---

[1] The footnote in *Booras v. Uyeda, supra,* to which the opinion refers states:

"Uyeda also contended that it was unnecessary for her to cross-appeal to preserve her claim of error with regard to the trial court's finding that the parties' earnest money agreement was an enforceable contract because this is a suit in equity and review was *de novo* in the Court of Appeals. *See* ORS 19.125(3). We have consistently held otherwise. In *Williams v. Mallory,* 284 Or 397, 405-06, 587 P2d 85 (1978), we held that even on *de novo* review we would not re-examine aspects of a decree which were allegedly erroneous and prejudicial to the respondent, in the absence of a cross-appeal. Thus, that appellate review is *de novo* does not obviate the necessity for a cross-appeal. *In re Waters of Umatilla River,* 88 Or 376, 402, 172 P 97 (1918); *McCoy v. Crossfield,* 54 Or 591, 592, 104 P 423 (1909). In any event, the decision in this case turns on a question of law.

"Second, Uyeda points out that there is some authority for the proposition that a cross-appeal is unnecessary where the issue the respondent seeks to have reviewed is so intertwined with the issue raised by the appellant that resolution of the appeal necessarily entails reconsideration of it. *See Abrams v. Rushlight,* 157 Or 53, 69 P2d 1063 (1937); *United R. & Elec. Co. v. West,* 280 US 234, 50 S Ct 123, 74 L Ed 390 (1930) (overruled on other grounds *FPC v. Hope Natural Gas Co.,* 320 US 591, 64 S Ct 281, 88 L Ed 333 (1944)). In this case, however, the question of whether plaintiff should have granted specific performance instead of merely damages can be decided without a re-examination of the question of whether the agreement was an enforceable contract for conveyance." 295 Or at 191.

We agree with the Supreme Court that the decree in this case, as we refashioned it, was more favorable to the non-appealing party than was the original decree. Thus, our former solution is not permissible. As we see it, we are once again confronted with three options:

1. We can divide the marital estate without valuing the pension. However, inasmuch as the pension has a significant value, doing so would be patently unfair to wife. We reject this option.

2. We can rework our original solution, still granting wife an aliquot share of husband's pension payments while equally dividing the rest of the marital estate between the parties. Husband's original brief in this case suggested a method of accomplishing this goal. Paragraph 3 of the dissolution decree awarded wife the family home, subject to a $10,000 lien in favor of husband. An even division of the property could be accomplished by increasing the lien to $23,886.[2] However, we are reluctant to make such a significant change in the lien because, on this record, we are not sure of the difference in impact on the wife. As noted in our first decision, wife's circumstances were such that we were inclined to award her the "long half," especially in view of the fact that any income to her from the pension would be years in coming. We decline this option.

3. The third option—the one we now adopt—is a remand for further proceedings, including the taking of evidence on the value of the pension (should either party desire to put on such evidence). We remain loath to commit further judicial time to this case. However, the limitations on our authority to alter the decree, in view of the fact that wife did not cross-appeal, are so significant that we believe that a just result can only be accomplished by this means.

Reversed and remanded for further proceedings.

---

[2] Husband argues for $28,886, but his approach would have us ignore his responsibility for dissipating $10,000 in assets.