Submitted on record and briefs September 22, reversed and remanded November 2, 1983

## GREENE,
*Appellant,*

*v.*

## LONDBERG et al,
*Respondents,*

(A8002-00945; CA A28508)

671 P2d 119

Robert L. Kirkman, Carlton D. Warren and Warren, Kirkman & Allen, Portland, filed the briefs for appellant.

Dale M. Hermann, Portland, filed the brief for respondents.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM

## PER CURIAM

This was a proceeding to foreclose a contract for the sale of commercial property. The trial court's decree denied plaintiff's prayer and, in essence, reformed the contract. Plaintiff appeals, raising several assignments of error. We reach only one: under circumstances whose recitation would not benefit bench or bar, the trial court precipitously closed off the presentation of evidence. That was error. Both parties should have been permitted to present their cases. Unfortunately, these circumstances also defeat this court's normal ability, on an appeal from a decree in equity, to try the case *de novo* on the record. Therefore, and despite our dislike of doing so, *see Sands and Sands,* 59 Or App 653, 651 P2d 1387 (1982), *rev'd on other grounds,* 295 Or 443, 666 P2d 834, *on remand* 64 Or App 570, 669 P2d 358 (1983), we are compelled in this case to remand the matter for a new trial.

Reversed and remanded.[1]

---

[1] In another assignment of error, plaintiff argues that no issue of his waiver of strict compliance by defendants with the contract is framed by the pleadings. To assist at retrial we note that, as we view them, the pleadings embrace that theory.