Argued and submitted December 16, 1982, affirmed as modified November 9, reconsideration denied December 23, 1983, petition for review denied January 17, 1984 (296 Or 350)

In the Matter of the Marriage of

**BARTER,**

*Respondent - Cross-Appellant,*

*and*

**BARTER,**

*Appellant - Cross-Respondent.*

(81-132-2; CA A23928)

671 P2d 1188

Sidney Ainsworth, Ashland, argued the cause for appellant - cross-respondent. On the brief were Jack Davis and Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

Donald R. Crane, Klamath Falls, argued the cause for respondent - cross-appellant. With him on the brief was Crane & Bailey, Klamath Falls.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Wife appeals and husband cross-appeals from a decree dissolving their marriage. Wife assigns as error the trial court's valuation of husband's retirement plans, its property distribution and the amount and duration of spousal support. Husband asserts that the trial court erred in failing to consider jewelry that he alleged wife concealed from the court. Husband's cross-appeal lacks merit. Because we conclude that the trial court significantly undervalued husband's pension plans, we modify accordingly.

During the 16-year marriage, husband was (and continues to be) employed by a commercial airline. At the time of trial, he was receiving $87,252 annually and wife was employed selling jewelry, receiving $6.65 per hour and .5 percent to 1.5 percent commission on gross sales. The trial court ordered husband to pay wife $750 per month spousal support for two years and attorney fees in the amount of $7,000 and divided the parties' assets as follows:

HUSBAND:

| | | |
|---|---|---:|
| 1. | 320-acre ranch | $166,225.00 |
| 2. | Real property encumbrances | ( 86,971.02) |
| 3. | Timber on 320-acre parcel | 50,100.00 |
| 4. | Cessna 185 airplane | 9,379.80 |
| 5. | TWA retirement plan | 24,200.00 |
| 6. | Aerial advertising business | 860.00 |
| | TOTAL | $163,793.78 |

WIFE:

| | | |
|---|---|---:|
| 1. | 144-acre parcel (unimproved) | $ 25,200.00 |
| 2. | Goat houses and chickens | 2,500.00 |
| 3. | Timber on 144-acre parcel | 11,900.00 |
| 4. | Jewelry | 61,522.79 |
| 5. | Weisfield's account balance | ( 7,150.00) |
| 6. | Silver | 5,256.20 |
| 7. | Antiques | 52,343.50 |
| 8. | Judgment in favor of wife | 5,000.00 |
| | TOTAL | $156,572.25 |

As a result of his employment, husband has vested and mature benefits in three retirement plans: TWA Retirement Plan (a defined benefit plan), Pilot Trust Plan (a defined contribution plan), and Flight Engineers Trust Plan (the nature of which is unclear from the record). Husband is eligible to begin receiving benefits immediately after his employment with TWA terminates or at a later date if he so elects. Under the first two plans husband will receive monthly payments for life, and under the third plan he will receive a lump sum. The amount of the benefits depends on husband's length of service and the date after termination at which he chooses to begin receiving benefits. All contributions for these plans were made by husband's employer during the marriage.

The parties do not contest the trial court's treatment of husband's interest in the retirement plans as marital property. They contest only the value of the plans. The trial court valued the plans at $24,200, the amount of the contributions made on behalf of husband. It used the same method of valuation as the trial court in *Minnis and Minnis,* 54 Or App 70, 75-76, 634 P2d 259 (1981). It erred in valuing the pension plans here for the same reasons we discussed in *Minnis.* 54 Or App at 75-76.

Both parties introduced expert testimony concerning the value of the plans. Assuming husband terminated his employment at the date of trial and immediately began drawing benefits, husband's expert calculated the present value of those benefits as $129,781. Under those circumstances, wife's expert calculated the present value as $128,957. Assuming husband terminated his employment at the date of trial and began drawing benefits at age 60, husband's expert calculated the present value of the benefits as $57,804. Wife's expert did not testify as to this alternative.

In *Vinson and Vinson,* 48 Or App 283, 616 P2d 1180 (1980), the husband's interest in his retirement benefits were similar to husband's interest here. His interest in benefits was vested and mature in that he could retire and begin drawing benefits immediately. In *Vinson,* we valued the husband's interest in his benefits, assuming that he had retired and had begun drawing benefits on the date of dissolution. We

awarded the wife the right to one-half of the benefits when they were received by the husband, because there were no other marital assets to offset an award to one of the parties of the present value of the husband's interest in the benefits. 48 Or App at 286-87.

The method of valuation used in *Vinson* is appropriate here. The present value of husband's interest, assuming he retired and began drawing benefits at the time of dissolution, is $129,781, according to husband. Unlike *Vinson,* a sufficient amount of other marital property exists here to offset the award of the pension benefits to husband.

The record contains evidence that wife's monthly expenses total $1,652, including a $235 payment to Weisfield's, and that her net earnings for the first seven months of 1981 approximated $600 per month. We decline to increase the trial court's award of $750 per month spousal support but assign to husband responsibility to pay the Weisfield account. We increase the period of spousal support to four years and do not disturb the trial court's award for attorney fees. We modify the property distribution, increasing the judgment in favor of wife to $52,000, with interest at the rate of 9 percent, payable in monthly installments of not less than $1,000, beginning not later than two years after the date of the original decree. These changes result in the following division of assets and liabilities:

HUSBAND:

| | | |
|---|---|---:|
| 1. | 320-acre ranch | $166,225.00 |
| 2. | Timber on 320-acre parcel | 50,100.00 |
| 3. | Real property encumbrances | ( 86,971.02) |
| 4. | Cessna 185 airplane | 9,379.80 |
| 5. | TWA retirement plan | 129,781.00 |
| 6. | Aerial advertising business | 860.00 |
| 7. | Weisfield account balance | ( 7,150.00) |
| 8. | Judgment to wife | ( 52,000.00) |
| | TOTAL | $210,224.78 |

WIFE:

| | | |
|---|---|---|
| 1. | 144-acre parcel | $ 25,200.00 |
| 2. | Timber on 144-acre parcel | 11,900.00 |
| 3. | Goat houses and chickens | 2,500.00 |
| 4. | Jewelry | 61,522.79 |
| 5. | Silver | 5,256.20 |
| 6. | Antiques | 52,343.50 |
| 7. | Judgments to wife | 52,000.00 |
| | TOTAL | $210,722.49 |

The decree is modified; the value of husband's retirement plans is increased from $24,200 to $129,781; the period of spousal support increased from two years to four years; the judgment to wife is increased to $52,000; and husband is assigned responsibility to pay balance of Weisfield account amounting to $7,150; affirmed as modified. Costs to appellant on appeal and cross-respondent on cross-appeal.